**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Sandra G. Ezell (SBN: 325046)
Eden M. Darrell (SBN: 295659)
901 East Byrd Street, Suite 1650
Richmond, VA 23219
Telephone:  804.533.2900
Facsimile:   804.616.4129
Sandra.ezell@nelsonmullins.com
Eden.darrell@nelsonmullins.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Ian G. Schuler (SBN: 275052)
750 B Street, Suite 2200
San Diego, California 92101
Telephone:  619-489-6110
Facsimile:   619-821-2834
Ian.schuler@nelsonmullins.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Trevor Zeiler (SBN: 325543)
19191 South Vermont Ave., Suite 900
Torrance, CA 90502
Telephone:  424.221.7400
Facsimile:   424.221.7499
Trevor.zeiler@nelsonmullins.com

Attorneys for Defendant
TESLA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA JACKSON and GEORGE JACKSON, JR,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC. and DOES ONE through ONE HUNDRED,<br><br>Defendants. | Case No. 5:22-cv-04380<br>(Removed from Santa Clara County Superior Court – Case No. 22CV399465)<br><br>**TESLA, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1332, DIVERSITY JURISDICTION**<br><br>Action Filed: June 1, 2022 |

/ / /

/ / /

-1-
TESLA, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1332, DIVERSITY JURISDICTION

**TO THE CLERK OF THE NORTHERN DISTRICT OF CALIFORNIA:**

Defendant Tesla, Inc. ("Tesla") hereby removes this case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441 and 1446. This Court has original jurisdiction over the civil lawsuit because it involves citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of its Notice of Removal, Tesla states as follows:

## FACTUAL BACKGROUND

1. On June 1, 2022, Plaintiffs Sylvia Jackson and George Jackson, Jr. ("Plaintiffs") filed their Complaint in the Santa Clara County Superior Court entitled: *Sylvia Jackson, et al. v. Tesla, Inc.*, Case No. 22CV399465 alleging strict liability, negligence, and loss of consortium causes of action against Tesla stemming from an automobile accident that occurred in Maryland. (Pl.'s Summons and Compl. attached as Ex. A to Declaration of Trevor C. Zeiler ("Zeiler Decl.").)

2. Tesla is the only defendant to this action.

3. Tesla submitted its Answer to Plaintiffs' Complaint, for filing, on July 27, 2022, in the Santa Clara County Superior Court. (Zeiler Decl. ¶ 5 Ex. C.)

## DIVERSITY JURISDICTION

**Diversity of Citizenship Exists**

4. Plaintiffs allege they are citizens of Montgomery County, Maryland. (Compl. ¶ 1.)

5. Tesla is now, and was at the time the Complaint was filed, a corporation incorporated in the state of Delaware with its principal place of business in the state of Texas. (Zeiler Decl. ¶¶ 6, 7, 8 Ex. D, E, F; *Monet v. Tesla, Inc*., No. 5:22-cv-00681-EJD, 2022 WL 2714969 (N.D. Cal. July 13, 2022) (denying motion to remand because at the time plaintiff filed the complaint, Tesla was a citizen of Texas and Delaware); *Sare v. Tesla, Inc*., No. 2:22-cv-00547-JAM-CKD (E.D. Cal. July 18, 2022) (denying motion to

-2-
TESLA, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1332, DIVERSITY JURISDICTION

remand after finding Tesla's principal place of business is now in Austin, Texas).)[1]

6. A corporation's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

7. On December 1, 2021, Tesla officially moved its headquarters from 3500 Deer Creek Road in Palo Alto, California, to 13101 Harold Green Road, Austin, Texas (later 1 Tesla Road in Austin, Texas). (Zeiler Decl. ¶ 5, Ex. E.) Austin, Texas is the location of Tesla's "Gigafactory," a colossal manufacturing plant that covers 2,500 acres, with over 10 million square feet of factory floor and cost over $1 billion to build. Tesla broke ground on this facility on July 15, 2020. In 2020, there were 98 full-time Tesla employees on site in additions to hundreds more continent staff. By 2021 the full-time employee headcount increased to approximately 2,500. Tesla received permits to begin vehicle production on December 6, 2021.

8. Texas is the location where two of Tesla's high level corporate officers – including its CEO and CFO – direct, control, and coordinate the company's activities. Tesla's CEO and CFO have worked out of Austin, Texas since prior to the filing of Plaintiffs' Complaint. Tesla's CEO—Elon Musk—confirmed that he had moved to Texas by December 8, 2020. As CEO, Mr. Musk is involved in many facets of product design, engineering, and global manufacturing of Tesla's electric vehicles, battery products and solar energy products, and has done so from Gigafactory Texas since early 2021. Other company leadership, who report directly to Mr. Musk, that are based in

---

[1] Plaintiffs incorrectly allege that Tesla's principal place of business is in California. (Compl., ¶ 3.) To support this allegation, Plaintiffs make representations in paragraphs 4-8 of their Complaint that do not satisfy the "nerve center" standard for determining a corporation's principal place of business. See *Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010). Not only do Plaintiffs misrepresent that Tesla's Chief Financial Officer ("CFO") is located in Palo Alto when he is actually based in Texas, they omit that its Chief Executive Officer ("CEO") also works out of Texas.

Gigafactory Texas include: (1) the Head of Tesla's Legal Department, David Searle; (2) Tesla's Vice President of Employee Health and Safety; and (3) and the Senior Director of the Office of the CEO and Gigafactory Texas. In addition, there are a number of other VP/Director level employees who have been working out of Austin for many months.

11. Thus, there is complete of diversity citizenship pursuant to 28 U.S.C. § 1332 (a)(1) because Plaintiffs are citizens of Montgomery County, Maryland and Tesla is a citizen of Delaware and Texas.[2]

**Amount in Controversy is Satisfied**

12. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014).

13. Plaintiffs allege Plaintiff Sylvia Jackson's lower extremities were crushed, "resulting in amputation of both Plaintiff JACKSON'S legs above her knees." (Compl. ¶ 21.)

14. Plaintiffs seek general non-economic damages, special economic damages, and exemplary and punitive damages. (Compl. p. 25: 22-26).

15. While Tesla does not concede or admit that any claims for any amounts have legal or factual merit, it is evident from the Complaint that the amount in controversy exceeds the jurisdictional threshold. Indeed, Plaintiff Sylvia Jackson's special damages for medical expenses alone, inclusive of expenses incurred for "doctors, hospitals, surgeries, nurses, and other reasonably required and medically necessary supplies and services" can be expected to exceed $75,000.00. (Compl. ¶ 70.) In addition to claims for pain and

---

[2] "Doe" defendants shall be disregarded for removal purposes. See *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989).

suffering, loss of earnings and earning capacity (Compl. ¶¶ 88-89), there is a preponderance of the evidence from the face of the Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## PROCEDURAL REQUIREMENTS

16. Tesla, the only named defendant, was served with the Complaint on June 28, 2022. Tesla filed this notice of removal within 30 days of the service of the summons and Complaint. (Zeiler Decl. ¶ 4, Ex. B.) Thus, removal of this lawsuit is timely under 28 U.S.C. § 1446.

17. The Superior Court of the State of California for the County of Santa Clara is located in the Northern District of California. Therefore, venue is proper under 28 U.S.C. § 84 because this is the "district and division with which such action is pending…." (28 U.S.C. § 1446(a).).

18. Under 28 U.S.C. § 1446(d), a copy of this notice of removal is being served upon counsel for Plaintiffs, and a copy is being filed with the clerk of the Superior Court of the State of California for the County of Santa Clara.

19. A copy of all process, pleadings, and orders filed in state court are attached hereto, as required by 28 U.S.C. § 1446(a). (Zeiler Decl., ¶ ¶ 3, 4, 5 Ex. A, B, C.)

## CONCLUSION

20. This Court has original jurisdiction under 28 U.S.C. § 1332 since there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, and removal jurisdiction under 28 U.S.C. § 1441 since all the requirements for removal have been met.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

21. Having met all of the requirements for removal under 28 U.S.C. §§ 1441 and 1446, the defendant Tesla requests that this Court assume complete jurisdiction in this matter.

DATED: July 28, 2022						NELSON MULLINS RILEY &
									SCARBOROUGH LLP

								BY: /s/ Trevor Zeiler
									Sandra G. Ezell
									Eden M. Darrell
									Ian G. Schuler
									Trevor C. Zeiler
									Attorneys for Defendant
									TESLA, INC.

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 19191 South Vermont Avenue, Suite 900, Torrance, CA 90502. On the date set forth below, I served the within document:

**TESLA, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1332, DIVERSITY JURISDICTION**

☒ **BY MAIL (CCP §1013(a) and §2015.5):** I served the documents by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's business practice for collecting and processing documents for mailing. On the same day the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage date is more than **1** day after the date of deposit for mailing in affidavit.

☐ **BY ELECTRONIC SERVICE (CCP 1010.6.(b)(6):** Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the addressees/persons at the electronic notification listed on the Service/Mailing List.

| | |
|---|---|
| Andrew P. McDevitt (State Bar #271371)<br>Katherine S. Connolly (State Bar #343524)<br>WALKUP, MELODIA, KELLY & SCHOENBERGER<br>650 California Street, 26th Floor<br>San Francisco, CA 94108-2615<br>Telephone: 415.981.7210<br>Facsimile: 415.391.6965<br>Emails: amcdevitt@walkuplawoffice.com<br>kconnolly@walkuplawoffice.com | Attorneys for Plaintiff |
| Jaime Jackson (*Pro Hac Vice* Pending)<br>Jaime Jackson Law<br>P.O. Box 248<br>Landisville, PA 17538<br>Telephone: 717.519.7254<br>Email: jaimejacksonlaw.com | Attorneys for Plaintiff |

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on July 28, 2022, at Torrance, California.

*Carolyn Orphey* (signature)
Carolyn Orphey

-7-