# EXHIBIT A

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
06/28/2022
CT Log Number 541830099

## Service of Process Transmittal Summary

**TO:**    LEGAL DEPARTMENT - SOP
TESLA, INC.
901 PAGE AVE
FREMONT, CA 94538-7341

**RE:**    **Process Served in California**

**FOR:**    Tesla, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: SYLVIA JACKSON and GEORGE JACKSON, JR // To: Tesla, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Demand, Cover Sheet, Attachment(s), Notice, Alternative Dispute Resolution |
| **COURT/AGENCY:** | Santa Clara County Superior Court of California, CA<br>Case # 22CV399465 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2020 Tesla Model 3 - VIN: 5YJ3E1EA4LF659047 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/28/2022 at 01:06 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Andrew McDevitt<br>LAW OFFICES OF WALKUP, MELODIA, KELLY & SCHOENBERGER<br>650 CALIFORNIA STREET, 26TH FLOOR<br>SAN FRANCISCO, CA 94108<br>415-981-7210 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/29/2022, Expected Purge Date: 07/04/2022<br><br>Image SOP<br><br>Email Notification,  LEGAL DEPARTMENT - SOP  legalsop@tesla.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other



**CT Corporation**
**Service of Process Notification**
06/28/2022
CT Log Number 541830099

information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                     Tue, Jun 28, 2022
**Server Name:**              Dion Jones

| Entity Served | Tesla, Inc. |
|---|---|
| Case Number | 22CV399465 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TESLA, INC. and DOES ONE through ONE HUNDRED

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SYLVIA JACKSON and GEORGE JACKSON, JR.

Electronically filed
by Superior Court of CA,
County of Santa Clara,
on 6/1/2022 8:07 PM
Reviewed By:M. Dominguez
Case #22CV399465
Env #9119465

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: | CASE NUMBER *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* | 22CV399465 |

Santa Clara Superior Court
191 N. First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andrew McDevitt 271371 Walkup, Melodia, Kelly & Schoenberger
650 California Street, 26th Floor (415) 981-7210
San Francisco, CA 94108-2615

| DATE: *(Fecha)* 6/1/2022 8:07 PM | Clerk of Court Clerk, by *(Secretaria)* M. Dominguez | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* TESLA, INC.

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB | Essential Forms
ceb.com

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Jackson,Sylvia & George-16001

E-FILED
6/1/2022 8:07 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV399465
Reviewed By: M. Dominguez

LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

ANDREW P. McDEVITT (State Bar #271371)
amcdevitt@walkuplawoffice.com
KATHERINE S. CONNOLLY (State Bar #343524)
kconnolly@walkuplawoffice.com

JAIME JACKSON (Pro Hac Vice Pending)
Jaime Jackson Law
P.O. Box 248
Landisville, PA 17538
Phone: (717) 519-7254
jaimejacksonlaw.com

**ATTORNEYS FOR PLAINTIFFS
SYLVIA JACKSON AND GEORGE JACKSON**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

SYLVIA JACKSON and GEORGE
JACKSON, JR,

        Plaintiffs,

    v.

TESLA, INC. and DOES ONE through
ONE HUNDRED,

        Defendants.

Case No. 22CV399465

**COMPLAINT FOR DAMAGES;
DEMAND FOR JURY TRIAL**

Come now Plaintiffs SYLVIA JACKSON and GEORGE JACKSON, JR. allege

as follows:

## PARTIES

1.      Plaintiffs Sylvia and George Jackson, Jr. are citizens of Montgomery

County, Maryland, residing at 8018 Warfield Road, Gaithersburg, Maryland.

2.      Plaintiffs are informed and believe, and thereon allege, that Defendant

TESLA INC. dba TESLA MOTORS, INC. ("TESLA") is a Delaware corporation

1   operating in and under the laws of the State of California and conducting business
2   throughout California.

3       3.    TESLA's principal place of business is California as its nerve center has
4   always been and remains in California.

5       4.    In October of 2021, Chief Executive Officer of TESLA, Elon Musk,
6   indicated that the company intends to continue operation of their primary factory in
7   Fremont, CA and will be continuing to expand their activities in California.[1]

8       5.    In a March 2, 2022 Twitter Post, Mr. Musk noted that "[w]e still operate
9   our California factory, which is the largest auto plant in North America, at full
10   capacity and are considering expanding it significantly. It has built 2/3 of all electric
11   vehicles in North America, twice as much as all other carmakers combined."[2]

12       6.    TESLA's Executive Leadership and Board of Directors are based all over
13   the country and in different continents including Sydney (Aus), California, Colorado,
14   New York and Chicago.[3]

15       7.    Plaintiffs are informed and believe, and thereon allege, that TESLA
16   relocated its headquarters to Texas for tax purposes, but a far greater amount of
17   corporate decision-making and control occurs in California than in Texas.
18   Specifically, it appears that very little corporate decision making happens in Texas
19   other than annual shareholder meetings.

20       8.    For example, the company's Chief Financial Officer and Senior Vice
21   President of Powertrain and Energy Engineering are located in Palo Alto and Santa

22

23

_____

[1] https://apnews.com/article/technology-business-palo-alto-elon-musk-austin-
24   7a9b375a5b69c25564c9ae4dc4fba64e. *Newsweek,* Tesla Headquarters Moving to Austin, But Will Not
Leave California, Musk Says, (Oct. 7, 2021) https://www.newsweek.com/tesla-headquarters-moving-
25   austin-will-not-leave-california-musk-says-1636837

26   [2] Elon Musk (@elonmusk), Twitter (Mar. 22, 2022, 5:44 PM),
https://twitter.com/elonmusk/status/1499198925210857472.

27
[3] https://ir.tesla.com/corporate
28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  Cruz, California.[4] Additionally, TESLA's website confirms Tesla Operations &

2  Business Support and Human Resources are based in Fremont, CA.[5] Further,

3  TESLA's Fremont factory, which churns out all four TESLA vehicles, built more cars

4  than any other North American auto plant in 2021.[6] Last year, the factory spat out

5  an average of 8,550 vehicles each weak, or nearly 450,000 units over the course of the

6  year.[7] TESLA's principal place of business is California, as its nerve center has

7  always been and remains in California.

8       9.    Plaintiffs are informed and believe, and thereon allege, that Defendant

9  TESLA does business in all 50 states and the State of California.

10      10.   Plaintiffs are informed and believe, and thereon allege, that Defendant

11 TESLA manufactured, sold, and warranted the Tesla Model 3, in California,

12 including the Tesla Model 3 (VIN No. 5YJ3E1EA4LF659047) and/or its agents,

13 divisions, or subsidiaries designed, manufactured, and installed all the systems in

14 the Model 3, including all systems responsible for acceleration and braking.

15      11.   Plaintiffs are informed and believe, and thereon allege, that Defendant

16 TESLA manufactured the Tesla Model 3 with VIN No. 5YJ3E1EA4LF659047 at its

17 plant in Fremont, California and that significant portions of the design and

18 engineering of that vehicle, including but not limited to the software and programing,

19 was also performed in California.

20      12.   Defendant TESLA has regularly conducted and continues to conduct

21 business throughout the United States by and through its duly-authorized divisions,

22 subdivisions, agents, servants and employees, and is specifically engaged in the

23

24  ───────────────

[4] https://www.linkedin.com/in/zachkirkhorn ; https://www.linkedin.com/in/baglino

25 [5] https://www.tesla.com/careers/search/?department=11&region=5

26 [6] https://www.businessinsider.com/tesla-fremont-california-factory-most-productive-in-country-gm-
27 ford-2022-1

28 [7] *Id.*

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  business of designing, engineering, developing, manufacturing, formulating,

2  fabricating, assembling, equipping, testing, inspecting, approving, repairing,

3  labeling, advertising, promoting, marketing, packaging, supplying, warrantying,

4  distributing, wholesaling and/or selling TESLA vehicles and the component parts of

5  TESLA vehicles, including the 2020 Tesla Model 3 (Vin No. 5YJ3E1EA4LF659047)

6  which struck and grievously injured Plaintiff Sylvia Jackson.

7       13.    At all times herein relevant, Defendant TESLA marketed their products

8  throughout the United States with an understanding that their products would be

9  used throughout the United States.

10       14.    Plaintiffs are ignorant of the true names and capacities of DOES ONE

11  through ONE HUNDRED and therefore sue such Defendants by fictitious names.

12  Plaintiffs will amend this complaint to allege the true names and capacities of said

13  Defendants when they have been identified. On information and belief, Plaintiffs

14  allege that each of said Defendants is responsible in some manner for the occurrences

15  herein alleged, and Plaintiffs' damages as herein alleged were proximately caused by

16  said Defendants, said Defendants' agents, servants, or employees, and each of them,

17  or through said Defendants' ownership, operation, control, possession, distribution,

18  and supervision, servicing, maintenance, inspection, repair, entrustment, use,

19  furnishing, design, manufacturing, or sale of the premises, products or

20  instrumentalities which proximately caused the injuries and damages herein.

21       15.    Plaintiffs are informed and believe, and thereon allege, that at all times

22  herein mentioned, each Defendant acted as the agent, servant, partner, franchisee,

23  joint venturer, and/or employee of each of the other Defendants within the course and

24  scope of such agency and authority.

25                      **INTRODUCTORY ALLEGATIONS**

26       16.    On November 24, 2021, at approximately 5:46 p.m. in the parking lot of

27  the Giant grocery store on 20944 Frederick Road, Germantown, Maryland, Plaintiff

28  SYLVIA JACKSON was loading groceries into the trunk of her vehicle, which was

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1 | parked in a parking spot in the parking lot.

2 |     17.    At said time and place, a Tesla Model 3, operated in significant part by
3 | its internal computer system, was directly behind Plaintiff JACKSON's vehicle.

4 |     18.    At all relevant times, Tesla's Model 3 was equipped with a vision
5 | system, which consisted of cameras and radar sensors, software and hardware which
6 | would have alerted the vehicle's computer system that the vehicle was in a parking
7 | lot, surrounded by parked cars and pedestrians, and that Plaintiff SYLVIA
8 | JACKSON and her vehicle were directly in the path of the Tesla.

9 |     19.    In her statement to the police the driver of the TESLA stated: "I saw a
10 | person putting groceries in the vehicle straight ahead of the lane I was in. I stopped
11 | and waited for the person to finish loading groceries. I was getting the key card ready
12 | from the center console. And the car just moved forward. I saw someone fall. And the
13 | car moved back to where it is now. I thought the car was in park and both my feet
14 | were on the floor. I never stepped on either of the pedals."

15 |     20.    Plaintiffs are informed and believe, and thereon allege, that Defendant
16 | TESLA admitted that the Tesla Model 3 issued a Forward Collision Warning, but did
17 | not engage its automatic emergency braking, apply braking, or reduce acceleration.

18 |     21.    The Tesla accelerated forward with 100 percent acceleration and no
19 | braking into Plaintiff JACKSON, crushing her lower extremities between the Tesla
20 | and Plaintiff's vehicle, resulting in amputation of both Plaintiff JACKSON'S legs
21 | above her knees.

22 |     22.    The Tesla's vision system detected Plaintiff JACKSON and her vehicle
23 | in front of the Tesla and recorded the Tesla slamming into Plaintiff JACKSON
24 | crushing her.

25 |     23.    TESLA touts the Tesla Model 3 is a "computer on wheels," a highly
26 | advanced automobile fitted with sophisticated camera and radar fusion system,
27 | hardware and software, designed to effectively automate as many of the automobile's
28 | features as possible.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    24.    Prior to November 2021, TESLA knew about at least 192 complaints of

2 sudden acceleration in Tesla vehicle Models and that pedal confusion, pedal

3 misapplication, or sudden unintended acceleration are among the leading causes of

4 Tesla crashes.

5    25.    TESLA designed the Model 3 with an instantaneous acceleration system

6 with no delay and no noise, with instantaneous torque.

7    26.    As TESLA has moved further toward the goal of computer-guided

8 driving, Tesla was aware that its vehicles – including the Model 3 – have reportedly

9 on at least nearly 200 occasions accelerated suddenly and without explanation,

10 absent any intentional driver direction or command. This sudden unintentional

11 acceleration ("SUA"), in which a TESLA vehicle accelerates to full power even though

12 the driver reports that he or she did not command the acceleration by pressing the

13 accelerator pedal, has manifested in every Tesla Model line to date at rates that far

14 exceed historical rates for any other vehicles.

15    27.    TESLA designed its vehicles, including the subject Model 3, to

16 accelerate at an extremely fast rate unaccompanied by engine noise associated with a

17 typical internal combustion engine, such that consumers unaccustomed to such a

18 vehicle would not receive warning of immediate high velocity movements, rendering

19 them unsafe and more susceptible to sudden unintended acceleration.

20    28.    In October 2016, TESLA announced that the Model 3—and all Tesla

21 Models—would have the necessary hardware to become fully autonomous, even if

22 such capability was not yet available when a given automobile is purchased. The goal

23 would be for Tesla's systems to eventually catch up to the hardware it installed in the

24 vehicle.

25    29.    The Tesla was designed with a vision system consisting of multiple

26 cameras and radar sensors to see and detect the Tesla's surroundings and path of

27 travel and provide braking and/or acceleration/deceleration in response to the vision

28 systems' inputs.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

6

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

30.   After its release, TESLA also added to Model 3 vehicles a feature called Automatic Emergency Braking ("AEB"), wherein the vehicle's computer system uses its forward-looking camera and the radar sensor to determine the distance from objects in front of the vehicle. When a frontal collision is considered unavoidable, the AEB system is designed to automatically apply the brakes to reduce the severity of the impact.

31.   According to the Tesla Model 3 Owner's Manual Automatic Emergency Braking:

> Model 3 is designed to determine the distance from a detected object traveling in front of it. When a frontal collision is considered unavoidable, Automatic Emergency Braking is designed to apply the brakes to reduce the vehicle's speed and therefore, the severity of the impact. The amount of speed that is reduced depends on many factors, including driving speed and environment.
>
> Automatic Emergency Braking operates only when driving between approximately 3 mph (5 km/h) and 90 mph (150 km/h).
>
> Automatic Emergency Braking does not apply the brakes, or stops applying the brakes, when:
>
> • You turn the steering wheel sharply.
>
> • You press and release the brake pedal while Automatic Emergency Braking is applying the brakes.
>
> • You accelerate hard while Automatic Emergency Braking is applying the brakes.
>
> • The vehicle, motorcycle, bicycle, or pedestrian is no longer detected ahead.

32.   In October 2018, TESLA introduced into all circulating vehicles—including the Model 3—a new software program called "Obstacle-Aware Acceleration" ("OAA") which was designed to "reduce the impact of a collision by reducing motor torque and in some cases applying the brakes" if the vehicle detects an object in its driving path. OAA should be triggered when a driving gear is engaged, the vehicle is stopped or traveling less than 10 mph, and the vehicle detects an object in its immediate driving path—in other words, in the circumstances when

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1 | SUA generally manifests in Tesla vehicles, and when SUA specifically manifested in

2 | this situation, which occurred in a parking lot environment where 100% acceleration

3 | is not necessary. This software patch was introduced into Tesla Model vehicles after

4 | they were first released to the market.

5 | 33.    TESLA describes this feature as follows:

6 | **Obstacle-Aware Acceleration**

7 | Obstacle-Aware Acceleration is designed to reduce the

8 | impact of a collision by reducing motor torque and in some cases applying the brakes, if Model 3 detects an object in its

9 | driving path. The touchscreen displays a visual warning and sounds a chime when the brakes are automatically

10 | applied. For example, Model 3, while parked in front of a closed garage door with Drive engaged, detects that you have pressed hard on the accelerator pedal.

11 | Although Model 3 still accelerates and hits the garage door, the reduced torque may result in less damage.

12 | Obstacle-Aware Acceleration is designed to operate only

13 | when all of these conditions are simultaneously met:

14 | •    Drive or Reverse is engaged.

15 | •    Model 3 is stopped or traveling less than 10 mph (16 km/h).

16 | •    Model 3 detects an object in its immediate driving path.

17 | 34.    TESLA further advertises Obstacle Aware Acceleration, which

18 | automatically reduces acceleration and can also apply the brakes when an obstacle is

19 | detected in front of your car while driving at low speeds.

20 | 35.    Plaintiffs allege, based on information belief, that the need for this Low-

21 | Speed Obstacle Aware Acceleration algorithm was precisely because of the numerous

22 | reported instances to TESLA of the propensity of these Tesla vehicles to experience

23 | high power acceleration when the vehicles are stopped or travelling at very low

24 | speed. Whether these high-power acceleration events were not commanded or

25 | resulted from possible pedal misapplication, either way TESLA has been put on

26 | notice well before the sale of the subject Tesla Model 3 and the subject incident, of

27 | many complaints of sudden high-power acceleration when the Tesla is stopped or

28 | moving at low speeds in a parking lot environment with other objects, such as

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

8

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

pedestrians and other vehicles directly in the path of travel of the Tesla resulting in impacts or near misses. In response to receiving notice of these events, TESLA misrepresented that it had designed a system which would prevent these foreseeably dangerous situations.

36. In a speech on June 20, 2021, Andrej Karpathy – TESLA's Senior Director of Artificial Intelligence – explained that "Autopilot software is always running and providing active safety features and of course the Autopilot functionality." Mr. Karpathy showed video examples of what he referred to as Tesla's "pedal misapplication mitigation (PMM)." With respect to its functionality, Mr. Karpathy claimed that PMM prevented the Tesla from striking a pedestrian in a scenario where the driver inadvertently pressed the accelerator: "Here a person is unparking from their driving spot, and they are trying to turn, and then they mess up and they accidentally floor it. So they floor it right there, and the system kicks in. It sees pedestrians ahead of us, and it, uh, slams on the brakes and averts, uh, what would be a very gnarly situation in this case." The two images below show the presentation view (with Mr. Karpathy in the upper right hand corner) and four frames from the video that – according to Mr. Karpathy – showed the Tesla "seeing" pedestrians and interrupting the vehicle's acceleration to avoid striking them[8]:

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[8] Available at https://youtu.be/g6bOwQdCJrc?t=190

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210



COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

37.     Additionally, TESLA's 2021 Impact Report states that the "Pedal Misapplication Mitigation" system "has prevented or mitigated hundreds of collisions every month."[9]

38.     If properly designed, the Tesla Model 3, and its Obstacle Awareness Acceleration ("OAA"), Pedal Misapplication Mitigation ("PMM") and/or the Automatic Emergency Braking ("AEB"), would have recognized that Plaintiff and her parked vehicle were directly in its path for at least twelve seconds, would have prevented the Tesla Model 3 from accelerating full power without any braking in a parking lot environment, would have prevented the subject Tesla Model 3 from accelerating into Plaintiff and her parked vehicle without braking, and would have reduced the acceleration or reduced motor torque or applied the braking to prevent the loss of both her legs.

39.     TESLA's failure to resolve the SUA and/or pedal misapplication problem in the Tesla Model 3 and its other vehicle Models when the Tesla is stopped or moving at low speeds in a parking lot environment, or to at least mitigate the problem by building in a fail-safe braking and depowering system to prevent situations as such occurred here—an innocent person simply loading groceries into her trunk in a parking lot being observed by the Tesla's camera system when a Tesla accelerated full power into her without braking, crushing and pinning her—is inexplicable, defective, negligent, reckless, and rendered the vehicle unreasonably dangerous.

40.     Before the subject Tesla Model 3 was sold, TESLA was put on notice that members of the general public report that SUA has been and remains a problem with Tesla vehicles. The publicly available National Highway Traffic Safety

---

[9] Available at https://www.tesla.com/ns_videos/2021-tesla-impact-report.pdf

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

Administration's Consumer Complaint Database contains all motor vehicle-related consumer complaints submitted to NHTSA since January 2000. Consumers submit what is called a "Vehicle Owner Questionnaire" in which they are asked to provide information that includes: the make, Model, and Model year of the vehicle, the approximate incident date, the mileage at which the incident occurred, whether the incident involved a crash or a fire, whether any persons were injured or killed in the incident, the speed of the vehicle at the time of the incident, and a description of the incident along with a description of the vehicle components they believe were involved in the incident.

41.     The majority of consumer complaints are submitted online at www.safercar.gov where consumers can input this information directly into the database through their computer. They can also submit complaints by telephone through the Auto Safety Hotline, by submitting a paper Vehicle Owner Questionnaire form, and by submitting consumer letters to NHTSA by mail. This information is then entered into NHTSA's ARTEMIS database where it can be searched and reviewed by the general public and vehicle manufacturers alike, by make, Model, Model year, and component. This database is promoted by NHTSA as a valuable consumer information tool. Just in the past three years, dozens of complaints have been submitted to NHTSA describing Tesla drivers' experience with unintended acceleration.

42.     Within the first year of Model 3 vehicles being on the road, and with only 18,240 Model 3 vehicles in use (the vast majority of which had been on the road significantly less than one year), there were thirteen (13) reported incidents of Sudden Unintended Acceleration—a staggeringly high rate of SUA incidents of 71 per 100,000 vehicles per year—seventy times the average reported to NHTSA.

43.     From September 2016 through June 2020, 192 consumer complaints have been submitted to NHTSA describing SUA events by Tesla vehicles.

44.     According to the auto industry publication InsideEVs, TESLA sold

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

12
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  approximately 543,540 vehicles in the United States from 2013-2019, with over half

2  of those having been sold since 2018. Thus, the number of Tesla SUA incidents per

3  100,000/year is many multiples of the historical 1 SUA incident per 100,000 per year

4  that NHTSA has historically reported.

5      45.    The 192 complaints are striking in the similarity of the descriptions of

6  the circumstances under which SUA events occur. They are also alarming in that the

7  incidents reflected in these complaints indicate that SUA events involving Tesla

8  vehicles have caused 171 crashes and injured 64 people.

9      46.    They are also striking in how they are distributed across all Tesla

10  Models and Model years:

| Tesla SUA Complaints Submitted to NHTSA | | | |
|---|---|---|---|
| | Model S | Model 3 | Model 3 | Total |
| 2013 | 17 | N/A | N/A | 17 |
| 2014 | 10 | N/A | N/A | 10 |
| 2015 | 18 | N/A | N/A | 18 |
| 2016 | 16 | 22 | N/A | 38 |
| 2017 | 15 | 7 | N/A | 22 |
| 2018 | 12 | 15 | 23 | 50 |
| 2019 | 1 | 2 | 22 | 25 |
| 2020 | 0 | 5 | 7 | 12 |
| Total | 94 | 46 | 52 | 192 |

23      47.    TESLA collects a wide range of telematics data regarding the

24  performance, usage, operation, and condition of each Tesla vehicle. Some of the data

25  categories regularly captured by TESLA include the "vehicle identification number;

26  speed information; odometer readings; battery use management information; battery

27  charging history; electrical system functions; software version information;

28  infotainment system data; safety-related data and camera images (including

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

13
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  information regarding the vehicle's SRS systems, braking and acceleration, security,
2  e-brake, and incidents); short video clips of incidents; information regarding the use
3  and operation of Autopilot, Summon, and other features; and other data to assist in
4  identifying issues and analyzing the performance of the vehicle."

5    48.    TESLA also collects "data about incidents involving your Tesla vehicle
6  (e.g., air bag deployment and other recent sensor data); data about remote services
7  (e.g., remote lock/unlock, start/stop charge, and honk-the-horn commands); a data
8  report to confirm that your vehicle is online together with information about the
9  current software version and certain telematics data; vehicle connectivity
10  information; data about any issues that could materially impair operation of your
11  vehicle; data about any safety-critical issues; and data about each software and
12  firmware update."

13                    **FIRST CAUSE OF ACTION**

14   **(Strict Liability vs. TESLA INC. and DOES ONE through ONE HUNDRED)**

15    49.    Plaintiffs incorporate by reference each preceding and succeeding
16  paragraph as though fully set forth at length herein.

17    50.    Defendants TESLA and DOES ONE through FIFTY designed,
18  manufactured, researched, tested, assembled, installed, marketed, advertised,
19  distributed, and sold a certain 2020 Tesla Model 3, bearing Vehicle Identification
20  Number (5YJ3E1EA4LF659047) (hereinafter referred to as the "SUBJECT
21  VEHICLE"). Defendant is both a "manufacturer" and a "seller" of the SUBJECT
22  VEHICLE.

23    51.    At the time the SUBJECT VEHICLE left the possession of Defendants
24  TESLA and DOES ONE through FIFTY, and each of them, it was in a defective
25  condition as that term is understood under California law and was unreasonably
26  dangerous when used in a reasonably foreseeable manner. The SUBJECT VEHICLE
27  constituted a defective product rendering Defendants, and each of them, strictly
28  liable in tort.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

14
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1        52.    At all times relevant hereto, Defendants TESLA and DOES ONE

2   through FIFTY, and each of them, was engaged in the business of designing,

3   developing, manufacturing, testing, engineering, approving, marketing, promoting,

4   assembling, equipping, inspecting, repairing, labeling, fabricating, advertising,

5   distributing, wholesaling, selling, and supplying automobiles and component parts of

6   automobiles, including the SUBJECT VEHICLE, for use by the consuming public

7   throughout the United States.

8        53.    At all times relevant hereto, the dangerous propensities of the

9   SUBJECT VEHICLE were known to Defendants TESLA and DOES ONE through

10   FIFTY, and each of them, or were reasonably and scientifically knowable to them,

11   through appropriate research and testing by known methods, at the time they

12   designed, developed, manufactured, tested, engineered, approved, marketed,

13   promoted, advertised, distributed, and sold automobiles and component parts of

14   automobiles to the consuming public, but which were not known to end users or

15   consumers.

16        54.    At all times relevant hereto, Defendants TESLA and DOES ONE

17   through FIFTY, and each of them, knew that the SUBJECT VEHICLE would be

18   operated and inhabited by consumers without inspection for defects.

19        55.    At the time of the collision described above, the SUBJECT VEHICLE

20   was being used in a manner and fashion that was foreseeable by Defendants TESLA

21   and DOES ONE through FIFTY, and each of them, and in a way it was intended to

22   be used.

23        56.    Defendants TESLA and DOES ONE through FIFTY, and each of them,

24   designed, engineered, developed, manufactured, fabricated, assembled, equipped,

25   tested or failed to test, inspected or failed to inspect, repaired, retrofitted or failed to

26   retrofit, failed to recall, labeled, advertised, promoted, marketed, supplied,

27   distributed, wholesaled, and sold the SUBJECT VEHICLE and its component parts

28   and constituents, which was intended by TESLA to be used for the purpose of use as

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

15

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  a passenger vehicle, and other related activities.

2      57.     The SUBJECT VEHICLE and its Autopilot system failed to meet the

3  expectations of the reasonable consumer. Based on the representations of Defendants

4  TESLA and DOES ONE through FIFTY, and each of them, an ordinary consumer

5  would have expected Autopilot, Obstacle Awareness Acceleration ("OAA"), Pedal

6  Misapplication Mitigation ("PMM") and/or the Automatic Emergency Braking

7  ("AEB") to have appropriately responded or operated during the subject incident.

8      58.     The SUBJECT VEHICLE was not reasonably safe because adequate

9  warnings or instructions were not provided with the vehicle at the time of

10 manufacture and sale. The likelihood that the vehicle would cause the harm

11 described herein or similar harms, and the seriousness of those harms, rendered the

12 warnings or instructions inadequate. TESLA could have provided the warnings or

13 instructions which the Plaintiffs allege would have been adequate.

14     59.     The SUBJECT VEHICLE was not reasonably safe because adequate

15 warnings or instructions were not provided after the SUBJECT VEHICLE was

16 manufactured, even though TESLA learned, or where a reasonably prudent

17 manufacturer should have learned, about the danger of SUA in its vehicles after it

18 was manufactured. In this case, TESLA was under a duty to act with regards to

19 issuing warnings or instructions concerning the danger in the manner that a

20 reasonably prudent manufacturer would act in the same or similar circumstances.

21 TESLA failed to exercise reasonable care to inform TESLA users of the not

22 reasonably safe condition of its Model 3 causing SUA.

23     60.     Furthermore, the SUBJECT VEHICLE was not reasonably safe in that

24 it was unsafe to an extent beyond that which would be contemplated by the ordinary

25 user.

26     61.     Plaintiffs were not aware of the aforementioned not reasonably safe

27 condition of the subject Model 3.

28     62.     Defendants TESLA and DOES ONE through FIFTY, and each of them,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

16

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  by their divisions, subdivisions, agents, servants, workmen, and/or employees is

2  strictly liable under California law for one or more of the following reasons:

3        a.    The SUBJECT VEHICLE was not safe for its intended and

4        foreseeable use;

5        b.    The SUBJECT VEHICLE was defective because it lacked a safety

6        system that would prevent the vehicle from high powered acceleration

7        with no braking into a pedestrian and vehicle detected by the Tesla's

8        camera system in a parking lot detected in the vehicle's path of travel;

9        c.    The SUBJECT VEHICLE was defective because it lacked any

10        type of pedal misapplication mitigation system;

11        d.    The subject Tesla was defective because despite detecting

12        Plaintiff JACKSON and her vehicle in the path of travel of the Tesla,

13        the Tesla accelerated into Plaintiff JACKSON and her vehicle crushing

14        her;

15        e.    The SUBJECT VEHICLE was defective because it suddenly

16        accelerated into a pedestrian and vehicle in a parking lot;

17        f.    The SUBJECT VEHICLE was defective due to sudden

18        unintended acceleration;

19        g.    The SUBJECT VEHICLE was defective because it accelerated

20        from a stopped or slow-moving position into Plaintiff and her vehicle

21        which was parked in front of the subject Tesla in a parking lot

22        environment;

23        h.    The SUBJECT VEHICLE was defective because the Obstacle

24        Awareness Acceleration and/or Pedal Misapplication Mitigation failed to

25        prevent the Tesla from accelerating into Plaintiff and her parked vehicle

26        in front of the Tesla in a parking lot environment;

27        i.    The SUBJECT VEHICLE was defective because the Automatic

28        Emergency Braking failed to prevent the Tesla from accelerating into

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

17

1   Plaintiff and her parked vehicle in front of the Tesla in a parking lot

2   environment;

3   j.       The SUBJECT VEHICLE was defective because it failed to

4   prevent the Tesla from accelerating into Plaintiff and her parked vehicle

5   in front of the Tesla in a parking lot environment;

6   k.       The SUBJECT VEHICLE was defective because despite the

7   vehicle camera system detecting Plaintiff and her parked vehicle

8   directly in front of the Tesla, the Tesla accelerated without braking,

9   reduction in acceleration or engine torque into Plaintiff and her vehicle

10  crushing her;

11  l.       Designing, manufacturing, distributing, and selling the

12  SUBJECT VEHICLE with a defective and unsafe Obstacle Awareness

13  Acceleration System;

14  m.      Designing, manufacturing, distributing, and selling the

15  SUBJECT VEHICLE with a defective and unsafe Pedal Misapplication

16  Mitigation System;

17  n.       Designing, manufacturing, distributing, and selling the

18  SUBJECT VEHICLE with a defective and unsafe Automatic Emergency

19  Braking System;

20  o.       Designing, manufacturing, distributing, and selling a defective

21  SUBJECT VEHICLE, in that the SUBJECT VEHICLE had an

22  inadequate braking system which caused the collision that crushed

23  Plaintiff SYLVIA JACKSON's legs;

24  p.       Designing, manufacturing, distributing, and selling a defective

25  SUBJECT VEHICLE, in that the SUBJECT VEHICLE had inadequate

26  acceleration system, which caused the collision that crushed Plaintiff

27  SYLVIA JACKSON's legs;

28  q.       The SUBJECT VEHICLE does not meet or perform to the

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

18
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1   expectations of end consumers, users, or ordinary consumers;

2       r.    Designing manufacturing, distributing, and selling a defective

3   vehicle that detected a pedestrian and vehicle in front of the

4   accelerating Tesla but applied no braking, reduction in engine torque, or

5   reduction in acceleration.

6       s.    The Tesla Model 3 does not meet or perform to the expectations of

7   reasonable consumers.

8       t.    The subject Tesla Model 3 and its vision system, automatic

9   emergency braking system and/or object awareness acceleration systems

10   malfunctioned because the Tesla accelerated with 100 percent

11   acceleration, no braking, and no reduction in acceleration despite the

12   Tesla's camera system detecting Plaintiff JACKSON and her vehicle

13   and recording the subject event.

14       63.    The Tesla Model 3 was expected by TESLA to reach, and did reach, the

15   user or consumer without substantial change to the condition in which it was sold.

16       64.    The defective condition of the SUBJECT VEHICLE was a cause of

17   Plaintiff SYLVIA JACKSON's catastrophic injuries.

18       65.    Defendant TESLA is strictly liable to Plaintiff for injuries and damages

19   caused by the defects and inadequacies in the design and manufacture of the Tesla

20   Model 3.

21       66.    The catastrophic injuries sustained by Plaintiff SYLVIA JACKSON

22   resulted from TESLA's failure to adequately warn of the dangers and hazardous and

23   defective condition of the SUBJECT VEHICLE.

24       67.    The catastrophic injuries sustained by Plaintiff SYLVIA JACKSON

25   resulted from TESLA's misrepresentation of the safety of the SUBJECT VEHICLE.

26       68.    By reason of the premises, on and prior to the date of Plaintiff SYLVIA

27   JACKSON's injuries, the SUBJECT VEHICLE was defective in its design in that it

28   would not, could not, and did not perform in a manner as safely as an ordinary

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

19
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

consumer would expect when the vehicle was subjected to foreseeable driving conditions. Further, the SUBJECT VEHICLE as designed, caused injuries to Plaintiffs when the vehicle failed to perform as it should have.

69. As a direct and legal result of the defective condition of the SUBJECT VEHICLE, plaintiff SYLVIA JACKSON was caused to suffer and sustain severe physical injuries, including crush injuries to both legs, and other injuries not yet diagnosed. Plaintiff is informed, believes, and therefore alleges upon such information and belief, that certain of said injuries will be permanent in nature, the extent of said permanent injuries being at this time unknown.

70. By reason of the premises, and as a direct and legal result thereof, it became necessary for Plaintiff SYLVIA JACKSON to incur expenses for doctors, hospitals, surgeries, nurses, and other reasonably required and medically necessary supplies and services, which said services are still continuing. Plaintiff prays leave to amend this Complaint to insert these elements of damage in this respect when the same are finally determined.

71. By reason of the premises, and as a direct and legal result thereof, Plaintiff SYLVIA JACKSON has been unable at times to attend regular employment, and Plaintiff's earning capacity has been diminished to Plaintiff's special damage in a presently unascertained sum as said loss is not yet finally determined. Plaintiff prays leave to amend this Complaint to insert these elements of damage in this respect when the same are finally determined.

72. By reason of the premises, and as a direct and legal result thereof, Plaintiff has suffered and sustained general (non-economic) damages in a sum in excess of the minimum jurisdictional limits of this Court.

WHEREFORE, Plaintiff SYLVIA JACKSON demands judgment against Defendants as hereinafter set forth.

///

///

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

20

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1

### SECOND CAUSE OF ACTION

2

**(Negligence vs. TESLA INC. and DOES ONE through ONE HUNDRED)**

3   73.   Plaintiffs incorporate by reference each and every preceding allegation

4   as though fully set forth herein.

5   74.   The aforesaid injuries and damages sustained by Plaintiff SYLVIA

6   JACKSON were directly and proximately caused by the negligence, carelessness, and

7   other liability-producing conduct of Defendants TESLA and DOES ONE through

8   FIFTY, and each of them.

9   75.   The risks of the SUBJECT VEHICLE to consumers outweigh the

10  benefits.

11  76.   The Tesla Model 3 does not meet or perform to the expectations of

12  reasonable consumers.

13  77.   The SUBJECT VEHICLE was expected by Defendants TESLA and

14  DOES ONE through FIFTY, and each of them, to reach, and did reach, the user or

15  consumer without substantial change to the condition in which it was sold.

16  78.   SYLVIA JACKSON was an adult individual who would be reasonably

17  expected to come into contact with the SUBJECT VEHICLE.

18  79.   It was foreseeable to Defendants TESLA and DOES ONE through

19  FIFTY, and each of them, that the SUBJECT VEHICLE would be in a parking lot

20  and need to pull into a parking space.

21  80.   Defendants TESLA and DOES ONE through FIFTY, and each of them,

22  were negligent in the design and manufacture of the SUBJECT VEHICLE because

23  the SUBJECT VEHICLE accelerated from a stopped position or moving at slow

24  speeds with full power acceleration and no braking into Plaintiff SYLVIA JACKSON

25  and her vehicle in a parking lot environment.

26  81.   Defendants TESLA and DOES ONE through FIFTY, and each of them,

27  were negligent in the design and manufacture of the subject Tesla because despite

28  the Tesla's vision system detecting Plaintiff and her vehicle in front of the Tesla the

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

21

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1 | subject Tesla accelerated from a stopped position or moving at slow speeds with full

2 | power acceleration and no braking into Plaintiff SYLVIA JACKSON and her vehicle

3 | in a parking lot environment.

4 |      82.   Defendants TESLA and DOES ONE through FIFTY, and each of them,

5 | were negligent because the subject Tesla accelerated from a stopped position or

6 | moving at slow speeds with full power acceleration and no braking into Plaintiff

7 | SYLVIA JACKSON and her vehicle in a parking lot environment.

8 |      83.   Defendants TESLA and DOES ONE through FIFTY, and each of them,

9 | were negligent for failing to prevent the subject Tesla from accelerating from a

10 | stopped position or moving at slow speeds with full power acceleration and no

11 | braking into Plaintiff SYLVIA JACKSON and her vehicle in a parking lot

12 | environment.

13 |      84.   The aforesaid injuries and damages sustained by Plaintiff SYLVIA

14 | JACKSON were directly and proximately caused by the negligence, carelessness, and

15 | other liability-producing conduct of Defendants TESLA and DOES ONE through

16 | FIFTY, and each of them, as set forth in this complaint, including:

17 |      a.   Failing to integrate into the subject Tesla a safety system that

18 | would prevent the vehicle from high powered acceleration into a

19 | pedestrian and parked vehicle in the Tesla's path in a parking lot;

20 |      b.   Failing to integrate any type of pedal misapplication mitigation

21 | system into the subject Tesla;

22 |      c.   Designing the subject Tesla in a manner where it accelerated into

23 | a pedestrian and vehicle in a parking lot;

24 |      d.   Designing the subject Tesla that experienced an sudden

25 | unintended acceleration;

26 |      e.   Designing the Tesla in a manner where it accelerated from a

27 | stopped or slow-moving position into Plaintiff and her vehicle which was

28 | parked in front of the subject Tesla in a parking lot environment;

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

22

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

f.      Failing to integrate an Obstacle Awareness Acceleration system that would prevent the Tesla from accelerating into Plaintiff and her parked vehicle in front of the Tesla in a parking lot environment;

g.      Failing to integrate an Automatic Emergency Braking system that would prevent the Tesla from accelerating into Plaintiff and her parked vehicle in front of the Tesla in a parking lot environment;

h.      Failing to prevent the Tesla from accelerating into Plaintiff and her parked vehicle in front of the Tesla in a parking lot environment;

i.      Designing the subject Tesla where despite the vehicle camera system detecting Plaintiff and her parked vehicle directly in front of the Tesla, the Tesla accelerated without braking, reduction in acceleration or engine torque into Plaintiff and her vehicle crushing her;

j.      Designing, manufacturing, distributing, and selling the SUBJECT VEHICLE with a defective and unsafe Obstacle Awareness Acceleration System;

k.      Designing, manufacturing, distributing, and selling the SUBJECT VEHICLE with a defective and unsafe Automatic Emergency Braking System;

l.      Designing, manufacturing, distributing, and selling a defective SUBJECT VEHICLE, in that the SUBJECT VEHICLE had an inadequate braking system, which caused the collision that crushed Plaintiff SYLVIA JACKSON's legs;

m.      Designing, manufacturing, distributing, and selling a defective SUBJECT VEHICLE, in that the SUBJECT VEHICLE had an inadequate acceleration system, which caused the collision that crushed Plaintiff SYLVIA JACKSON's legs;

n.      Negligently designing and selling a vehicle that does not meet or perform to the expectations of end consumers, users or ordinary

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

23
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  consumers;

2      o.    Designing manufacturing, distributing, and selling a defective

3  vehicle that detected a pedestrian and vehicle in front of the

4  accelerating Tesla but applied no braking, reduction in engine torque or

5  reduction in acceleration.

6      p.    Failing to issue a recall or push out a software update to remedy

7  the above-described deficiencies.

8      85.    The negligence of Defendants TESLA and DOES ONE through FIFTY,

9  and each of them, along with the defective, unsafe, and unreasonably dangerous

10  condition of the SUBJECT VEHICLE was a cause of Plaintiff SYLVIA JACKSON's

11  catastrophic injuries.

12      86.    The subject Tesla Model 3 and its vision system, automatic emergency

13  braking system and/or object awareness acceleration systems malfunctioned because

14  the Tesla accelerated with 100 percent acceleration, no braking, and no reduction in

15  acceleration despite the Tesla's camera system detecting Plaintiff JACKSON and her

16  vehicle and recording the subject event.

17      87.    Defendant TESLA's negligence was a direct and proximate cause of

18  Plaintiff SYLVIA JACKSON's severe and catastrophic personal injuries and

19  damages, for all of which damages are claimed.

20      88.    As a direct and proximate result of TESLA's negligence, Plaintiff

21  SYLVIA JACKSON suffered severe pain and suffering, anguish, and distress, the

22  loss of life's pleasures, for all of which damages are claimed.

23      89.    As a direct and proximate result of TESLA's negligence, Plaintiff

24  SYLVIA JACKSON suffered a loss of earnings and earning capacity, both past,

25  present, and future, for all of which damages are claimed.

26      90.    As a direct and proximate result of the defective condition of the Tesla

27  Model 3 and Defendant TESLA's conduct, Plaintiff, SYLVIA JACKSON, incurred

28  medical expenses, both past, present, and future, for all of which damages are

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

24
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  claimed.

2  WHEREFORE, plaintiff SYLVIA JACKSON demands judgment against

3  defendants as hereinafter set forth.

4  **THIRD CAUSE OF ACTION**

5  **(Loss of Consortium vs. all Defendants)**

6  Plaintiff GEORGE JACKSON, JR. complains of Defendants and for a Fourth

7  Cause of Action alleges as follows:

8  100.   Plaintiff GEORGE JACKSON, JR. hereby refers to, incorporates, and realleges by

9  this reference as though set forth in full each and every allegation of the First, Second, and Third

10  Causes of Action, and makes them a part of this Fourth Cause of Action.

11  101.   Plaintiff GEORGE JACKSON, JR. is, and at all times herein mentioned

12  was, the lawful spouse of Plaintiff SYLVIA JACKSON.

13  102.   As a direct, legal, and proximate result of the culpability and fault of the

14  Defendants, be such fault through strict liability or negligence, Plaintiff GEORGE

15  JACKSON, JR. suffered the loss of support, service, love, companionship, affection,

16  society, intimate relations, and other elements of consortium, all to Plaintiff's general

17  damage, in an amount in excess of the jurisdictional minimum of this Court.

18  WHEREFORE, Plaintiffs demand judgment against the Defendants as

19  hereinafter set forth.

20  **PRAYER FOR RELIEF**

21  WHEREFORE, Plaintiffs demand judgment against the Defendants as follows:

22  1.   For general (non-economic) damages according to proof at the time of

23  trial;

24  2.   For special (economic) damages according to proof at the time of trial;

25  3.   For prejudgment interest as permitted by law;

26  4.   For exemplary and punitive damages against TESLA;

27  5.   For costs of suit incurred herein as permitted by law; and

28  6.   For such other and further relief as this Court may deem proper.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

25

Dated:  June 1, 2022          WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____

ANDREW P. McDEVITT
KATHERINE S. CONNOLLY
Attorneys for Plaintiffs
SYLVIA JACKSON AND GEORGE
JACKSON, JR.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

26

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiffs hereby demand a jury trial.

3   Dated:  June 1, 2022                    WALKUP, MELODIA, KELLY & SCHOENBERGER

4

5                                    By:  _____

6                                    ANDREW P. McDEVITT
                                     KATHERINE S. CONNOLLY
7                                    Attorneys for Plaintiffs
                                     SYLVIA JACKSON AND GEORGE
8                                    JACKSON, JR.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

27

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Andrew McDevitt, Esq. (SBN 271371)
Walkup, Melodia, Kelly & Schoenberger
650 California Street, 26th Floor
San Francisco, CA 94108-2615
TELEPHONE NO.: (415) 981-7210    FAX NO. *(Optional):* (415) 391-6965
E-MAIL ADDRESS: amcdevitt@walkuplawoffice.com
ATTORNEY FOR *(Name):* Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Civil-Unlimited

CASE NAME: Jackson v. Tesla, et. al.

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 6/1/2022 8:07 PM
Reviewed By: M. Dominguez
Case #22CV399465
Envelope: 9119465**

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 22CV399465 |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[X] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* Three
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 1, 2022

Andrew P. McDevitt, Esq.
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. September 1, 2021] | CEB.com ⊡ Essential Forms | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–33.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courts.ca.gov* |
|---|---|---|---|

Jackson,Sylvia & George-16001

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

**CEB Essential Forms**
ceb.com

**CIVIL CASE COVER SHEET**

Jackson,Sylvia & George-16001

# CIVIL LAWSUIT NOTICE
***Superior Court of California, County of Santa Clara***
***191 North First St., San José, CA 95113***

CASE NUMBER:  22CV399465

## PLEASE READ THIS ENTIRE FORM

***PLAINTIFF*** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

***DEFENDANT*** (The person sued): **You must do each of the following to protect your rights:**
1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

***RULES AND FORMS:*** You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

***CASE MANAGEMENT CONFERENCE (CMC):*** You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

***You or your attorney must appear at the CMC.*** *You may ask to appear by telephone - see Local Civil Rule 8.*

| | |
|---|---|
| Your Case Management Judge is: Manoukian, Socrates P | Department: |
| The 1st CMC is scheduled for: (Completed by Clerk of Court) | |
| Date: 10/25/2022     Time: 3pm | in Department: 20 |
| The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed) | |
| Date:     Time: | in Department: |

***ALTERNATIVE DISPUTE RESOLUTION (ADR):*** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

***WARNING:*** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

CEB Essential Forms
ceb.com

Jackson,Sylvia & George-16001

# Case # 22CV399465 - Sylvia Jackson et al vs TESLA, INC. (Manouki

## Envelope Information

| **Envelope Id** | **Submitted Date** | **Submitted User Name** |
|---|---|---|
| 9119465 | 6/1/2022 8:07 PM PST | weefile@nationwideasap.com |

## Case Information

| **Location** | **Category** | **Case Type** |
|---|---|---|
| Santa Clara – Civil | Civil - Unlimited | Auto Damages |

| **Case Initiation Date** | **Case #** |
|---|---|
| 6/2/2022 | 22CV399465 |

**Assigned to Judge**
Manoukian, Socrates P

## Filings

| **Filing Type** | **Filing Code** |
|---|---|
| EFile | Complaint (Unlimited) (Fee Applies) |

**Client Reference Number**
SF95531

**Filing on Behalf of**
Sylvia Jackson,George Jackson JR

| **Filing Status** | **Accepted Date** |
|---|---|
| Accepted | 6/25/2022 8:30 AM PST |

### Lead Document

| **File Name** | **Description** | **Security** | **Download** |
|---|---|---|---|
| Complaint.pdf | Complaint | DEFAULT | Original File<br>Court Copy |

| **Filing Type** | **Filing Code** |
|---|---|
| EFile | Civil Case Cover Sheet |

**Client Reference Number**
SF95531

**Help**

**Filing on Behalf of**
Sylvia Jackson,George Jackson JR

**Filing Status**              **Accepted Date**
Accepted                       6/25/2022 8:30 AM PST

## Lead Document

| File Name | Description | Security | Download |
|-----------|-------------|----------|----------|
| Civil Case Cover Sheet.pdf | Civil Case Cover Sheet.pdf | DEFAULT | Original File<br>Court Copy |

---

**Filing Type**              **Filing Code**
EFile                        Summons

**Client Reference Number**
SF95531

**Filing on Behalf of**
Sylvia Jackson,George Jackson JR

**Filing Status**              **Accepted Date**
Accepted                       6/25/2022 8:30 AM PST

## Lead Document

| File Name | Description | Security | Download |
|-----------|-------------|----------|----------|
| Summons.pdf | Summons.pdf | DEFAULT | Original File<br>Court Copy |

---

**Filing Type**              **Filing Code**
EFile                        Civil Lawsuit Notice

**Client Reference Number**
SF95531

**Filing on Behalf of**
Sylvia Jackson,George Jackson JR

**Filing Status**              **Accepted Date**
Accepted                       6/27/2022 11:41 AM PST

## Lead Document                                                  **Help**

| File Name | Description | Security | Download |
|---|---|---|---|
| Civil Lawsuit Notice.pdf | Civil Lawsuit Notice.pdf | DEFAULT | Original File<br>Court Copy |

**Filing Type**
EFile

**Filing Code**
Civil Case Cover Sheet

**Filing Description**
Civil Case Cover Sheet

**Client Reference Number**
SF95531

**Filing on Behalf of**
Sylvia Jackson,George Jackson JR

**Filing Status**
Rejected

## Lead Document

| File Name | Description | Security | Download |
|---|---|---|---|
| ADR Info Sheet.pdf | ADR Info Sheet.pdf | DEFAULT | Original File |

# Fees

## Complaint (Unlimited) (Fee Applies)

| Description | Amount |
|---|---|
| Filing Fee | $0.00 |
| | **Filing Total:** $0.00 |

## Civil Case Cover Sheet

| Description | Amount |
|---|---|
| Filing Fee | $0.00 |
| | **Filing Total:** $0.00 |

## Summons

| Description | Amount |
|---|---|
| Filing Fee | $0.00 |
| | **Filing Total:** $0.00 |

**Help**

## Civil Lawsuit Notice

| Description | Amount |
|---|---|
| Filing Fee | $0.00 |
| | Filing Total: $0.00 |

## Civil Case Cover Sheet

| Description | Amount |
|---|---|
| Filing Fee | $0.00 |
| | Filing Total: $0.00 |

| | |
|---|---|
| Total Filing Fee | $0.00 |
| Court Case Fee | $435.00 |
| Payment Service Fee | $13.22 |
| E-File Fee | $3.50 |
| Court E-File Fee | $2.05 |
| | Envelope Total: $453.77 |

| | | | |
|---|---|---|---|
| **Transaction Amount** | $453.77 | | |
| **Transaction Id** | 14317234 | | |
| **Filing Attorney** | Andrew McDevitt | **Order Id** | 009119465-0 |
| **Transaction Response** | Payment Complete | | |

© 2022 Tyler Technologies
Version: 2021.0.3.9601

**Help**

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

***What is ADR?***
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among other forms.

***What are the advantages of choosing ADR instead of litigation?***
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

***What are the main forms of ADR offered by the Court?***
**Mediation** is an informal, confidential, flexible and non-binding process in which the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation,** sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*



Jackson, Sylvia & George-16001

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties, and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

### What kind of disputes can be resolved by ADR?
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

### Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?

**Contact:**
Santa Clara County Superior Court
ADR Administrator
408-882-2530

