United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SYLVIA JACKSON, et al.,

              Plaintiffs,

    v.

TESLA, INC.,

              Defendant.

Case No. 22-cv-04380-PCP (VKD)

**ORDER RE DECEMBER 3, 2024 DISCOVERY DISPUTE**

Re: Dkt. No. 54

      The parties ask the Court to resolve a dispute concerning whether Tesla may obtain discovery regarding work performed by plaintiffs' non-testifying consultant. Dkt. No. 54. The Court finds this matter suitable for resolution without oral argument. Civil L.R. 7-1(b).

      For the reasons explained below, the Court will permit Tesla to obtain discovery regarding work performed by the consultant.

## I.     BACKGROUND

      According to plaintiffs, a consultant who is not expected to testify at trial reviewed complaints of unintended acceleration ("UA") in the NHTSA's Vehicle Operator Questionnaire ("VOQ") database, using criteria and instructions supplied by plaintiffs' expert Dr. Singer, and identified which complaints were "confirmed" UA claims from within a data set of "suspected" UA claims. Dkt. No. 54 at 2, 7-8. Dr. Singer then relied on the consultant's identification in support of his opinion that Tesla vehicles have a higher rate of confirmed UA than other vehicles. *Id.* at 2.

      Plaintiffs did not disclose the identity of the non-testifying consultant or the work he or she performed when they disclosed Dr. Singer's expert report to Tesla. Tesla first learned that Dr.

1    Singer had not performed the identification work himself during his deposition on November 12,

2    2024.  *Id.* at 2, 3.  Plaintiffs instructed Dr. Singer not to answer questions regarding the identity of

3    the consultant or his communications about the consultant's work.  *Id.* at 4.  Plaintiffs did,

4    however, provide some documentation regarding the criteria Dr. Singer supplied for the consultant

5    to use.  *Id.* at 5 (referring to "draft protocol"), 6 (referring to "written criteria").

6         Tesla requests an order compelling plaintiffs to provide discovery regarding the work

7    performed by plaintiffs' consultant, specifically: (1) identification of the consultant who

8    performed the review of the VOQ database and produced the UA claims analysis relied upon by

9    Dr. Singer; (2) a deposition of such consultant; (3) all documents and communications related to

10   the work performed by the consultant, including notes, worksheets, and spreadsheets; (4) invoices

11   reflecting the work the consultant performed; and (5) a further deposition of Dr. Singer regarding

12   the UA claims analysis.  *Id.* at 5-6.  Plaintiffs have offered to produce communications exchanged

13   between Dr. Singer and *plaintiffs' counsel* regarding the instructions for reviewing the VOQ

14   database to identify confirmed UA claims and the spreadsheet containing the results of the review.

15   *Id.* at 8-9.  Plaintiffs also have offered to produce Dr. Singer for a further deposition regarding

16   these materials.  *Id.* at 9.  Plaintiffs object to providing the other discovery Tesla seeks.  *Id.*

17   **II.    DISCUSSION**

18        Rule 26(a)(2) of the Federal Rules of Civil Procedure governs discovery regarding expert

19   testimony.  For an expert witness who will testify at trial, the Rule requires disclosure of the

20   identity of the expert, as well as a written report that must contain, among other things, "a

21   complete statement of all opinions the witness will express and the basis and reasons for them,"

22   and "the facts or data considered by the witness in forming them."  Fed. R. Civ. P. 26(a)(2)(B)(i),

23   (ii).  According to the Advisory Committee notes to Rule 26, the "facts or data" disclosure

24   requirement should be "interpreted broadly to require disclosure of any material considered by the

25   expert, from whatever source, that contains factual ingredients," and "[t]he disclosure obligation

26   extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not

27   only those relied upon by the expert."  Fed. R. Civ. P. 26, advisory committee's note (2010

28   amendments, subdivision (a)(2)(B)).  Tesla argues that because Dr. Singer relied on "facts or data"

United States District Court
Northern District of California

United States District Court
Northern District of California

1   provided by plaintiffs' undisclosed consultant as the basis for his opinion, Tesla is entitled to

2   obtain discovery of that consultant's work. *Id.* at 4.

3        Plaintiffs argue that the discovery Tesla seeks is "prohibited under [Rule] 26(B)(4)(b)." *Id.*

4   at 6. However, it appears that plaintiffs mean to refer to Rule 26(b)(4)(D), as that is the provision

5   quoted in their portion of the joint discovery dispute submission. *See id.* Rule 26(b)(4)(D)

6   governs discovery of "[e]xpert[s] [e]mployed [o]nly for [t]rial [p]reparation" and provides that

7   "[o]rdinarily, a party may not . . . discover facts known or opinions held by an expert who . . . is

8   not expected to be called as a witness at trial," except where the party shows "exceptional

9   circumstances under which it is impracticable for the party to obtain facts or opinions on the same

10   subject by other means." Fed. R. Civ. P. 26(b)(4)(D)(ii). Plaintiffs argue that there are no such

11   exceptional circumstances here, as their non-testifying consultant "simply performed an

12   administrative function under the direction of and according to search terms provided by . . . Dr.

13   Singer." Dkt. No. 54 at 6-7.

14        As the Ninth Circuit has observed, Rule 26(b)(4)'s protections for draft reports, attorney-

15   expert communications, and opinion work product "'do not impede discovery about the opinions

16   to be offered by the expert or the development, foundation, or basis of those opinions,'" and

17   discovery of experts remains "'broad.'" *Republic of Ecuador v. Mackay*, 742 F.3d 860, 870 (9th

18   Cir. 2014) (quoting Fed. R. Civ. P. 26(b)(4), advisory committee's note (2010 amendments)). The

19   court has further observed that "any ordinary work product protection (i.e., for trial preparation

20   materials prepared by non-attorneys that do not reflect an attorney's mental impressions,

21   conclusions, opinions, or legal theories) would typically be waived where the materials are

22   disclosed to a testifying expert." *Id.* at 870 n.4.

23        Here, Dr. Singer has disclosed opinions that rely on an assessment performed by a

24   consultant, and the details of that assessment have not been disclosed. The record does not

25   support plaintiffs' assertion that the consultant merely performed an "administrative function" that

26   required no analysis or judgment. Rather, Dr. Singer testified that while he supplied instructions

27   to guide the consultant's review of the VOQ database, he did not review all of the suspected UA

28   claims to determine which were "confirmed," and only checked "some" not large percentage of

1   the data set to assess whether his instructions had been followed.  Dkt. No. 54-2 at 264:17-265:12,

2   270:22-273:9.  Dr. Singer did not know whether the list of confirmed UA claims provided by the

3   consultant included or excluded claims relating to specific features or events, and he could not

4   answer other questions about how the consultant implemented his instructions.  *Id.* at 274:4-15,

5   275:20-278:4.  In sum, plaintiffs elected to disclose the consultant's work to Dr. Singer, and Dr.

6   Singer relied on that work as support for his opinions.  The consultant's work forms part of the

7   "basis" of Dr. Singer's expert opinion and is among the "facts or data" he considered.  Thus, Rule

8   26(a)(2)(B) requires disclosure of the consultant's work and, at a minimum, permits discovery of

9   how the consultant performed the VOQ analysis, including how he or she distinguished suspected

10  from confirmed UA claims as part of that analysis.  *See TCL Commc'ns Tech. Holdings Ltd. v.*

11  *Telefonaktbologet LM Ericsson,* No. 15-cv-02370 JVS, 2016 WL 6662727, at *3 (C.D. Cal.

12  July 7, 2016) (requiring plaintiff to make non-testifying experts available for deposition where

13  their analysis was "crucial" to the testifying experts' reports, and the testifying experts could not

14  answer defendant's questions regarding the analysis); *Apple Inc. v. Amazon.com, Inc.*, No. 11-cv-

15  1327 PJH JSC, 2013 WL 1320760, at *2 (N.D. Cal. Apr. 1, 2013) (where court "identified signs

16  of considerable collaboration" between testifying and non-testifying experts, deposition of non-

17  testifying experts "on their actions in assisting" testifying expert was warranted).

18      Rule 26(b)(4)(D) is not implicated in these circumstances.  Plaintiffs have not retained or

19  employed a non-testifying consultant solely to assist with trial preparation, but have instead

20  offered an expert opinion by Dr. Singer that expressly relies on that consultant's substantive work.

21  Plaintiffs' refusal to permit discovery regarding how the work was performed effectively prevents

22  Tesla from testing whether the VOQ analysis was done according to Dr. Singer's instructions.

23  More importantly, it prevents Tesla from exploring the reliability of Dr. Singer's principal opinion

24  because that opinion relies on the underlying identification of confirmed UA claims for Tesla

25  vehicles as compared to other vehicles—an identification that was performed by the consultant.

26  *See TCL*, 2016 WL 6662727, at *5 ("testimony regarding work that went directly into the

27  testifying expert's report" does not implicate Rule 26(b)(4)(D)).

28

United States District Court
Northern District of California

**III.    CONCLUSION**

For the reasons explained above, the Court agrees that Tesla is entitled to discovery regarding the work performed by plaintiffs' non-testifying consultant on which Dr. Singer relied. Tesla may obtain discovery of the consultant's identity;[1] all documents and communications relating to or reflecting the VOQ database analysis the consultant performed, including the spreadsheet containing the results of the review on which Dr. Singer relied; and invoices for the VOQ database analysis the consultant performed.  In addition, at Tesla's request, plaintiffs must produce the consultant for a deposition on these same matters and must also produce Dr. Singer for a further deposition regarding the VOQ database analysis.  Unless the parties agree otherwise, the consultant's deposition shall be limited to no more than 3 hours, and Dr. Singer's further deposition shall be limited to no more than 2 hours.

The parties must confer regarding a schedule for the prompt completion of this additional discovery that does not disrupt the case management deadlines set by the presiding judge.

**IT IS SO ORDERED.**

Dated: December 6, 2024

Virgina K. DeMarchi
United States Magistrate Judge

---

[1] If there is more than one consultant who performed the work at issue, the relief ordered here applies to each consultant.