1  **NELSON MULLINS RILEY & SCARBOROUGH LLP**
Sandra G. Ezell (SBN: 325046)
2  Eden M. Darrell (SBN: 295659)
901 East Byrd Street, Suite 1650
3  Richmond, VA 23219
Telephone:    804.533.2900
4  Facsimile:    804.616.4129
Sandra.ezell@nelsonmullins.com
5  Eden.darrell@nelsonmullins.com

6  Trevor Zeiler (SBN: 325543)
19191 South Vermont Ave., Suite 900
7  Torrance, CA 90502
Telephone:    424.221.7400
8  Facsimile:    424.221.7499
trevor.zeiler@nelsonmullins.com

9  Mark R. Nash (Pro Hac Vice)
Dennis Hom (Pro Hac Vice)
10  201 17th Street NW, Suite 1700
Atlanta, GA 30363
11  Telephone:    404.322.6000
Facsimile:    404.322.6381
12  mark.nash@nelsonmullins.com
dennis.hom@nelsonmullins.com
13
Attorneys for Defendant
14  TESLA, INC.

15                        **UNITED STATES DISTRICT COURT**

16                        **NORTHERN DISTRICT OF CALIFORNIA**

17  SYLVIA JACKSON and GEORGE                     Case No. 5:22-CV-04380-PCP
JACKSON, JR,
18                                                (Removed from Santa Clara County Superior
                            Plaintiffs,          Court – Case No. 22CV399465)
19       vs.
                                                 **DEFENDANT TESLA, INC.'S MOTION**
20  TESLA, INC. and DOES ONE through             **TO DISQUALIFY JUDGE P. CASEY**
ONE HUNDRED,                                 **PITTS**
21
                            Defendants.          Date:        February 20, 2025
22                                               Time:        10:00 a.m.
                                                 Courtroom: 8
23
                                                 District Judge: P. Casey Pitts
24                                               Magistrate Judge: Virginia K. DeMarchi

25                                               Trial Date:    May 12, 2025
                                                 Action Filed: June 1, 2022
26

27  / / /

28  / / /

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO THE COURT, THE PARTIES, AND ALSO COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 20, 2025, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 8 of the United States District Court for the Northern District of California, San Jose Courthouse, located at 280 South First Street, San Jose, California, 95113, defendant Tesla, Inc. ("Tesla") will, and hereby does, move for an order disqualifying the Honorable Judge P. Casey Pitts from all further proceedings in this matter.

This motion is brought pursuant to 28 U.S.C. section 455(a) and should be granted because Judge Pitts' impartiality might reasonably be questioned. Before he was appointed to the bench, Judge Pitts was a former partner at the law firm of Altshuler Berzon LLP ("Altshuler"). Altshuler represented Owen Diaz in a complaint it filed against Tesla in the Northern District of California, Case No. 17-cv-06748-WHO. *Diaz* was a high-stakes employment discrimination case in which one jury had awarded $130,000,000 in punitive damages against Tesla; and, after the plaintiff rejected the court's remittitur, a second jury awarded over $3,000,000, before the case ultimately settled. While the case remained pending, and while Judge Pitts was still a partner at Altshuler, Altshuler submitted a letter brief with Judge Pitts' name on the firm's letterhead. (*See* Declaration of Trevor Zeiler ("Zeiler Decl." ¶ 4, Ex. B.) The *Diaz* case generated a substantial amount of publicity, and Altshuler posted a blog article on its website about it while Judge Pitts was a partner at Altshuler. Given these facts, a reasonable person would conclude that Judge Pitts' impartiality could reasonably be questioned, and recusal is required by section 455(a).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANT TESLA, INC.'S MOTION TO DISQUALIFY JUDGE P. CASEY PITTS

1      This motion is based upon this Notice, the Memorandum of Points and Authorities, the

2  Declaration of Trevor Zeiler, and upon such further evidence and argument as may be presented at

3  any hearing on this motion.

4

   Dated:  January 10, 2025                    Respectfully submitted,
5
                                               **NELSON MULLINS RILEY & SCARBOROUGH**
6                                              **LLP**

7                                              By:     _/s/ Trevor C. Zeiler_____
                                                       Sandra G. Ezell
8                                                      Eden M. Darrell
                                                       Dennis Hom
9                                                      Trevor C. Zeiler
                                                       Attorneys for Defendant
10                                                     TESLA, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT TESLA, INC.'S MOTION TO DISQUALIFY JUDGE P. CASEY PITTS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Tesla, Inc. ("Tesla") respectfully requests that the Court enter an order disqualifying the Honorable P. Casey Pitts from any further proceedings in this matter because his impartiality might reasonably be questioned given his previous firm's litigation of high-profile and high-stakes cases against Tesla at the time Judge Pitts was appointed to the federal bench.

Judge Pitts received his commission on July 7, 2023. Before his appointment, Judge Pitts practiced law at the law firm of Altshuler Berzon LLP ("Altshuler") for 14 years, first as an associate, and then as a partner. *See* https://cand.uscourts.gov/judges/pitts-p-casey-pcp/ (last visited Jan. 7, 2025). While he was a partner, Altshuler was retained by plaintiff or plaintiff's counsel in lawsuits that had been filed against Tesla. For example, at the time of his appointment Altshuler was counsel of record for the plaintiff in *Diaz v. Tesla*, Case No. 3:17-cv-6748 (N.D. Cal.) ("*Diaz*"), a high-publicity employment discrimination case in which a jury had awarded $130,000,000 in punitive damages against Tesla. Altshuler submitted a letter brief with Judge Pitts' name on the firm's letterhead. (Zeiler Decl. ¶ 4, Ex. B.) Altshuler also posted a blog article on its website, in which it argued that Tesla was not entitled to a new trial in that case. (*Id*. at ¶ 7, Ex. E.) The *Diaz* case received a substantial amount of publicity. (*Id*. at ¶¶ 8-10, Exs. F, G, H.) Separately, at the time Judge Pitts was appointed, Altshuler also represented the plaintiffs in a putative class action filed against Tesla in California state court, in the course of which the California Court of Appeal issued a published decision affirming the denial Tesla's petition to compel arbitration. *Vaughn v. Tesla, Inc.*, 87 Cal. App. 5th 208 (2023).

As the United States Supreme Court has repeatedly explained, the state's interest in the integrity and independence of the judiciary is "a state interest of the highest order." *Caperton v. A.T. Maseey Caol Co.*, 556 U.S. 868, 889 (quoting *Republican Party of Minn. v. White*, 536 U.S. 765, 793 (Kennedy, J. concurring); *see also Williams-Yelee v. Fla. Bar*, 575 U.S. 433, 445-446 (2015). In order to protect these interests, Congress enacted 28 U.S. Section 455, which sets forth the circumstances under which federal judges must disqualify themselves. Under section 455(a), a recusal is required if the judge's impartiality "might reasonably be questioned." 28 U.S.C. § 455(a).

1  Given Judge Pitts' status as a partner at firm representing plaintiffs in high-visibility litigation

2  against Tesla involving a jury award of over $130,000,000 in damages, a reasonable observer would

3  doubt Judge Pitts' ability to remain impartial. Accordingly, the Court should enter an order

4  disqualifying Judge Pitts from all further proceedings in this case.

5  ## II.    BACKGROUND

6  The *Diaz* case was an employment discrimination action, in which a jury had awarded the

7  plaintiff $6,900,000 in compensatory damages and $130,000,000 in punitive damages. On

8  December 3, 2021, while Judge Pitts was a partner at Altshuler, Jonathan Rosenthal of the Altshuler

9  firm filed a notice of appearance on behalf of the plaintiff Owen Diaz in *Diaz.* (Zeiler Decl. ¶ 3, Ex.

10  A.) On January 25, 2022, Altshuler submitted a letter to the court concerning the hearing on Tesla's

11  post-trial motion. (*Id*. at ¶ 4, Ex. B.) In the letter, Altshuler argued that the *Shaw v. United States*,

12  741 F.2d 1202 (9th Cir. 1984), did not require the court to compare the size of the jury's

13  compensatory damages verdict to other comparable jury verdicts. (*Id*. at ¶ 4, Ex. B.) Judge Pitts'

14  name is on Altshuler's letterhead for the letter submitted to the court. (*Id.*)

15  The court denied Tesla's motion for a new trial, conditioned on the plaintiff's acceptance of

16  a remittitur, which the plaintiff rejected. (*Id*. at ¶ 5, Ex. C.) On November 4, 2022, the plaintiff filed

17  an opposition to another motion for new trial that Tesla had filed. (*Id*. at ¶ 6, Ex. D.) Altshuler

18  prepared and submitted plaintiff's opposition to this motion, which was signed by Michael Rubin,

19  a partner at the Altshuler firm. (*Id.* at 25.) The same day, Altshuler posted a blog article "Altshuler

20  Berzon LLP Counsel Push Back Against Tesla's Motion for a New Liability Trial in Action for

21  Racial Harassment and Negligent Supervision." (*Id*. at ¶ 7, Ex. E.) The article states: "On behalf of

22  plaintiff Owen Diaz, a former employee of Tesla at its automobile manufacturing facility in

23  Fremont, California, Altshuler Berzon LLP today filed a brief in the Northern District of California

24  opposing Tesla's efforts to obtain a retrial of a unanimous jury verdict that found Tesla liable under

25  42 U.S.C. §1981 and California state law for repeated, egregious episodes of racial harassment and

26  for negligent supervision of its own supervisors and of Mr. Diaz's co-workers." (*Id.*)

27  The *Diaz* case was then tried again. On April 3, 2023, the second jury reached a verdict, this

28  time awarding $175,000 in compensatory damages and $3,000,000 in punitive damages. (*Id*. at ¶ 8,

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

1  Ex. F.) On March 15, 2024, and after both parties had filed appeals from this verdict, the matter

2  settled. (*Id.* at ¶ 9, Ex. G.) Throughout this time, Mr. Rosenthal remained counsel of record for the

3  plaintiff, with his name and Altshuler's name included on the signature block for plaintiff's filings.

4  (*See*, *e.g.*, *id.*) The *Diaz* case received a substantial amount of publicity. (*Id.* at ¶¶ 8-10, Exs. F-G.)

5       Altshuler also has represented plaintiffs in other actions brought against Tesla. For example,

6  Altshuler was counsel of record for the plaintiffs in *Vaughn v. Tesla*, a putative class action

7  involving alleged racial discrimination. On January 4, 2023, the California Court of Appeal issued

8  a published decision affirming a trial court's order denying Tesla's petition to compel arbitration.

9  *Vaughn v. Tesla, Inc.*, 87 Cal. App. 5th 208 (2023).

### III.  LEGAL STANDARD

11       28 U.S.C. section 455 exists "to promote public confidence in the integrity of the judiciary."

12  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Section 455(a) provides that

13  any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be

14  questioned." 28 U.S.C. § 455(a). What matters "is not the reality of bias or prejudice but its

15  appearance." *Creech v. United States Dist. Ct. for the Dist. of Idaho (In re Creech)*, 119 F.4th 1114,

16  1121 (9th Cir. 2024). As the United States Supreme Court has explained:

17  
18  
19  
20  
21  
22  
23  
> The goal of section 455(a) is to avoid even the appearance of partiality. If it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists because the judge does not recall the facts, because the judge actually has no interest in the case or because the judge is pure in heart and incorruptible. The judge's forgetfulness, however, is not the sort of objectively ascertainable fact that can avoid the appearance of partiality. *Hall v. Small Business Administration*, 695 F.2d 175, 179 (5th Cir. 1983). Under section 455(a), therefore, recusal is required even when a judge lacks actual knowledge of the facts indicating his interest or bias in the case if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge.

24  *Liljeberg*, 486 U.S. at 860 (1988) (quoting *Health Services Acquisition Corp. v. Liljeberg*, 786 F.2d

25  796, 802 (5th Cir. 1986).

26       Section 455(a) sets forth an "objective standard" that requires "ascertaining whether a

27  reasonable person with knowledge of all the facts would conclude that the judge's impartiality might

28  reasonably be questioned." *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991) (citation and

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

1    quotations omitted). "The reasonable person is not someone who is hypersensitive or unduly

2    suspicious, but rather is a well-informed, thoughtful observer." *Creech*, 119 F.4th at 1121. "If the

3    case is close, the judge should recuse." *Id.*

4    **IV.    ARGUMENT**

5        The Court should enter an order disqualifying Judge Pitts because his impartiality might

6    reasonably be questioned given Altshuler's litigation of high-profile cases against Tesla while he

7    was a partner there. While Judge Pitts was a partner at Altshuler, Altshuler served as counsel for

8    record for a plaintiff in a highly-publicized racial discrimination case brought against Tesla, for

9    which a jury had awarded $6,900,000 in compensatory damages and $130,000,000. At the time of

10   his former colleague Mr. Rosenthal's appearance, the parties were litigating Tesla's post-trial

11   motions. When the plaintiff rejected the court's remittitur of the first jury verdict, the case was tried

12   again, with the jury awarding $175,000 in compensatory damages and $3,000,000. The *Diaz* matter

13   was not resolved until March 2024, eight months after Judge Pitts received his commission. The

14   *Diaz* case remained pending when this case was reassigned to him.

15       As a partner at Altshuler, Judge Pitts almost certainly had access to information about the

16   case, including Tesla's confidential documents produced in that case and plaintiff's strategy in

17   pursuing its claims against Tesla. Even if Judge Pitts did not actively participate in the litigation, he

18   couldn't have avoided hearing about it, given its high-profile nature and the large dollar value of

19   the jury's two verdicts. Indeed, Altshuler issued a blog post shortly after it appeared in the *Diaz* case

20   proclaiming that it was "disput[ing] Tesla's Reliance on 91-Year-Old Supreme Court Decision as

21   Requiring complete Reversal." (Zeiler Decl. ¶ 7, Ex. E.) Further, while Tesla does not know the

22   details of the plaintiff's engagement of Altshuler, Altshuler (as a plaintiff's law firm) may have had

23   a financial interest in Diaz's claims against Tesla. Even if Altshuler was paid on an hourly basis, it

24   was still required to vigorously pursue plaintiff's claims against Tesla in accordance with the rules

25   of professional conduct.

26       A reasonable person with knowledge of these facts would conclude that Judge Pitts'

27   impartiality might reasonably be questioned. Even if Judge Pitts does not harbor any actual partiality

28   against Tesla, a reasonable person would conclude that it might be difficult for him to remain neutral

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

given his previous firm's involvement in high-stakes litigation against Tesla, including litigation that was pending at the time he was appointed and reassigned to this case. "[M]any cases exist where the mere appearance of partiality suffices for nonwaivable disqualification. It is a general rule that the appearance of partiality is as dangerous as the fact of it." *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). The same is true here. Allowing judges whose firms have litigated $100,000,000 cases against Tesla to preside over other actions against Tesla could easily lead the public to doubt the integrity and independence of the United States judiciary—features that are hallmarks of our system of government. *See*, *e.g.*, *Williams-Yelee v. Fla. Bar*, 575 U.S. 433, 445-446 (observing that there is a "vital state interest in safeguarding public confidence in the fairness and integrity of the nation's elected judge's," and that the "judiciary's authority" depends "in large measure on the public's willingness to respect and follow its decisions."). Accordingly, the Court should enter an order disqualifying Judge Pitts from this case.

## V.     CONCLUSION

For the foregoing reasons, Tesla respectfully requests that the Court enter an order disqualifying Judge Pitts.

Dated:  January 10, 2025                      Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By:      */s/ Trevor C. Zeiler*
           Sandra G. Ezell
           Eden M. Darrell
           Dennis Hom
           Trevor C. Zeiler
           Attorneys for Defendant
           TESLA, INC.

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on January 10, 2025, I filed the foregoing document entitled

3

***DEFENDANT TESLA, INC.'S MOTION TO DISQUALIFY JUDGE P. CASEY PITTS*** with the

4

clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel

5

of record in this action.

6

7

        */s/ Trevor C. Zeiler*
        Trevor C. Zeiler

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28