# EXHIBIT "B"

HAMILTON CANDEE
EVE H. CERVANTEZ
CONNIE K. CHAN
BARBARA J. CHISHOLM
JEFFREY B. DEMAIN
JAMES M. FINBERG
EILEEN B. GOLDSMITH
CORINNE JOHNSON
SCOTT A. KRONLAND
DANIELLE E. LEONARD
STACEY M. LEYTON
AMANDA C. LYNCH
MATTHEW J. MURRAY
BRONWEN B. O'HERIN
ZOE PALITZ
P. CASEY PITTS
DANIEL T. PURTELL
JONATHAN ROSENTHAL
MICHAEL RUBIN
CHRISTINE M. SALAZAR
ANNIE WANLESS
STEFANIE L. WILSON

**ALTSHULER BERZON LLP**
ATTORNEYS AT LAW
177 POST STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94108
(415) 421-7151
FAX (415) 362-8064
www.altshulerberzon.com

FRED H. ALTSHULER
FOUNDING PARTNER
PARTNER EMERITUS

STEPHEN P. BERZON
FOUNDING PARTNER
PARTNER EMERITUS
SPECIAL COUNSEL

PETER D. NUSSBAUM
PARTNER EMERITUS

NICOLE COLLINS
FELLOW

January 25, 2022

***BY ELECTRONIC FILING***
The Honorable William H. Orrick
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

     Re:    *Owen Diaz v. Tesla, Inc.*, No. 17-cv-06748-WHO (N.D. Cal.)

Dear Judge Orrick:

During the January 19, 2022 hearing on Tesla, Inc.'s post-trial motion, Tesla cited *Shaw v. United States*, 741 F.2d 1202 (9th Cir. 1984), to support its argument that the Court is required to compare the size of the jury's compensatory damages award in this case with "comparable" jury verdicts in other cases in determining whether to order a new trial or to reduce the damages award through a remittitur.

*Shaw* does not require a comparative analysis for the jury's compensatory damages verdict, either under federal law with respect to Tesla's liability under Section 1981 or under California state law with respect to Tesla's liability for negligent supervision (both of which independently support the jury's compensatory damages award. *See* Verdict Form, Dkt. 301, at 1–2).

*Shaw* was a Federal Tort Claims Act case. There is no right to a jury trial in FTCA cases, *see* 28 U.S.C. § 2402, and *Shaw* therefore involved a damages award calculated by the district court after a bench trial. *Shaw*, 741 F.2d at 1204. Because damages under the FTCA are measured based on the law of the state where the tort occurred, *id.* at 1205, *Shaw* cited *Washington state* law as requiring a comparability analysis, *id.* at 1209. The court also cited *Felder v. United States*, 543 F.2d 657, 674 (9th Cir. 1976), for the proposition that courts should "maintain some degree of uniformity in cases involving similar losses." *Shaw*, 741 F.2d at 1209. *Felder*, however, was also an FTCA case decided after a bench trial, and the Ninth Circuit there carefully explained why the standard it applied in reviewing a judge's damages award—the "clearly erroneous" standard—is different from the standard involved in "adjudicating motions for new trials following jury verdicts[.]" *Felder*, 543 F.2d at 664. The difference is that "appellate review of an award by the court sitting without a jury is not limited by considerations, federal or state, of deference to the province of the jury," and therefore "can be less exacting." *Id.*

The Hon. William H. Orrick
Re: *Diaz v. Tesla, Inc.*
January 25, 2022
Page 2

     *Shaw*'s instruction to consider comparable cases does not apply to a district court's review of a *jury*'s compensatory damages award. Indeed, every decision of the Ninth Circuit citing *Shaw* or *Felder* to support a comparative analysis has done so in the context of appellate review of an award entered after a *bench* trial. Plaintiff has not found any decision of the Ninth Circuit requiring the district court (or the court of appeals) to compare a jury's award of compensatory damages against awards in other cases—much less a decision requiring that "comparable" verdicts be given the decisive weight that Tesla urges.

     Nor is a comparative analysis required under California law—to the contrary, California courts routinely criticize such analyses. The California Supreme Court has held that "[f]or a reviewing court to upset a jury's factual determination on the basis of what other juries awarded to other plaintiffs for other injuries in other cases based upon different evidence would constitute a serious invasion into the realm of factfinding." *Bertero v. Nat'l Gen. Corp.*, 13 Cal. 3d 43, 65 n.12 (1974); *see also Seffert v. Los Angeles Transit Lines*, 56 Cal. 2d 498, 508 (1961) ("Injuries are seldom identical and the amount of pain and suffering involved in similar physical injuries varies widely."); *Pool v. City of Oakland*, 42 Cal. 3d 1051, 1068 n.17 (1986) (noting that because "there is no fixed or absolute standard by which to compute the monetary value of emotional distress[,] . . . citation to awards in other cases is of no value to the court in assessing the propriety of damages"). While other verdicts can be considered, "[c]omparing verdicts . . . is of limited utility. . . . [O]ther verdicts may have some slight relevance, but each verdict stands or falls on its own merits." *Fernandez v. Jimenez*, 40 Cal. App. 5th 482, 490–491 (2019). The Ninth Circuit has applied this principle in a diversity case based on California law. *Bullock v. Philip Morris USA Inc.*, 720 F. App'x 348, 352 (9th Cir. 2017) (unpublished) ("Citation to awards in other wrongful death actions—without context, comparison, or discussion—is not persuasive; mechanical recitation of higher or lower jury verdicts in other cases cannot establish the inappropriateness of the award here.") (citing *Bertero*, 13 Cal. 3d at 65 n.12).

     Rather than rely on comparison to other verdicts, this Court should apply the established legal standard stated in Mr. Diaz's brief. The Court must give "substantial deference to a jury's finding of the appropriate amount of damages," and "uphold the jury's finding unless the amount is grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork." *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 95 F.3d 1422, 1435 (9th Cir. 1996).

              Respectfully submitted,

              California Civil Rights Law Group
              Alexander Morrison + Fehr LLP
              Altshuler Berzon LLP

              */s/Michael Rubin*
              Michael Rubin

cc:  All counsel (via ECF)