# EXHIBIT "D"

LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
**CALIFORNIA CIVIL RIGHTS LAW
GROUP**
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone:    (415)-453-7352
Facsimile:    (415)-785-7352

J. BERNARD ALEXANDER (SBN 128307)
balexander@amfllp.com
**ALEXANDER MORRISON + FEHR LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:    (310) 394-0888
Facsimile:    (310) 394-0811

MICHAEL RUBIN (SBN 80618)
mrubin@altber.com
JONATHAN ROSENTHAL (SBN 329638)
jrosenthal@altber.com
**ALTSHULER BERZON LLP**
177 Post Street, Suite 300
San Francisco, California 94108
Telephone:    (415) 421-7151
Facsimile:    (415) 362-8064

Attorneys for Plaintiff OWEN DIAZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A NEW TRIAL ON LIABILITY AND DAMAGES**<br><br>Hearing Date: December 7, 2022<br>Time: 2:00 p.m.<br>Place: Courtroom 2, 17th Floor<br>The Hon. William H. Orrick |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ ii

I. INTRODUCTION ...........................................................................................1

II. BACKGROUND ..............................................................................................3

III. LEGAL STANDARD .....................................................................................5

IV. ARGUMENT ...................................................................................................5

    A. Tesla's motion is procedurally barred .....................................................5

        1. Tesla cannot satisfy the requirements for obtaining reconsideration.................6

        2. Tesla's motion is independently barred by principles of waiver, forfeiture, and judicial estoppel ...........................................................9

            i. Waiver and forfeiture ........................................................9

            ii. Judicial estoppel ...............................................................13

    B. A damages-only retrial is appropriate and well within the Court's discretion ......14

        1. This Court properly ordered a retrial limited to damages..........................15

        2. Tesla misstates the law and the Court's discretion to limit the issues on retrial ................................................................................18

        3. Tesla has failed to demonstrate that a damages retrial would cause injustice ......................................................................................22

V. CONCLUSION................................................................................................25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ahura Energy, Inc. v. Applied Materials, Inc.*,
 2013 WL 623048 (N.D. Cal. Feb. 15, 2013) ............................................................7

*Akey v. Placer Cnty.*,
 2019 WL 5102241 (E.D. Cal. Oct. 11, 2019) ..........................................................20

*Antoine v. Cnty. of Sacramento*,
 583 F.Supp.2d 1174 (E.D. Cal. 2008) ...............................................................2, 13

*Atlas Food Sys. & Servs., Inc. v. Crane Nat. Vendors, Inc.*,
 99 F.3d 587 (4th Cir. 1996) ...............................................................................22

*Brewer v. Second Baptist Church of Los Angeles*,
 32 Cal. 2d 791 (1948) .......................................................................................22

*Bullock v. Philip Morris USA, Inc.*,
 159 Cal. App. 4th 655 (2008) ............................................................................19

*Cole v. Foxmar, Inc.*,
 2022 WL 842881 (D. Vt. Mar. 22, 2022) ............................................................21

*Cont'l Cas. Co. v. Chatz as Tr. for CFB/WFB Liquidating Tr.*,
 591 B.R. 396 (N.D. Cal. 2018) .......................................................................13, 14

*Cosby v. AutoZone, Inc.*,
 445 F. App'x 914 (9th Cir. 2011) .............................................................12, 16, 19, 21

*Costa v. Desert Palace, Inc.*,
 299 F.3d 838 (9th Cir. 2002) ..............................................................................21

*d'Hedouville v. Pioneer Hotel Co.*,
 552 F.2d 886 (9th Cir. 1977) ...........................................................................8, 15

*DeVries v. Experian Info. Sols., Inc.*,
 2017 WL 2377777 (N.D. Cal. June 1, 2017) ..........................................................7

*Digidyne Corp. v. Data Gen. Corp.*,
 734 F.2d 1336 (9th Cir. 1984) ............................................................................16

*Drumgold v. Callahan*,
 707 F.3d 28 (1st Cir. 2013) ...............................................................................15

*Erhart v. BofI Fed. Bank*,
 2022 WL 3160730 (S.D. Cal. Aug. 8, 2022) .................................................16, 23, 25

*Gasoline Prods. Co., Inc. v. Champlin Refining Co.*,
    283 U.S. 494 (1931)..................................................................... *passim*

*Holt v. Pennsylvania*,
    2015 WL 4944032 (E.D. Pa. Aug. 19, 2015) ........................................12

*Honcharov v. Barr*,
    924 F.3d 1293 (9th Cir. 2019) ...........................................................9

*Houseman v. U.S. Aviation Underwriters*,
    171 F.3d 1117 (7th Cir. 1999) .........................................................19

*ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*,
    2020 WL 2768683 (D. Or. May 28, 2020) ............................... *passim*

*Jennings v. Yurkiw*,
    18 F.4th 383 (2d Cir. 2021) ..............................................................8

*Jorgensen v. Cassiday*,
    320 F.3d 906 (9th Cir. 2003) ............................................................5

*Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*,
    547 F. App'x 832 (9th Cir. 2013) ....................................................15

*Kona Enterprises, Inc. v. Estate of Bishop*,
    229 F.3d 877 (9th Cir. 2000) .........................................................7, 8

*Larez v. Holcomb*,
    16 F.3d 1513 (9th Cir. 1994) ..............................................18, 19, 21

*Lies v. Farrell Lines, Inc.*,
    641 F.2d 765 (9th Cir. 1981) .......................................................17, 19

*Lutz v. Glendale Union High Sch.*,
    403 F.3d 1061 (9th Cir. 2005) ........................................................16

*Mahoney v. Canada Dry Bottling Co. of New York/Coors Distrib. Co. of New York*,
    1998 WL 231082 (E.D.N.Y. May 7, 1998) ......................................21

*Martell v. Boardwalk Enterprises, Inc.*,
    748 F.2d 740 (2d Cir. 1984)......................................................17, 18

*Memphis Cmty. Sch. Dist. v. Stachura*,
    477 U.S. 299 (1986)........................................................................21

*Mfg. Research Corp. v. Greenlee Tool Co.*,
    693 F.2d 1037 (11th Cir. 1982) ......................................................19

*Morgan v. Sundance, Inc.*,
    142 S. Ct. 1708 (2022)...........................................................1, 9, 12

*Morgan v. Woessner*,
    997 F.2d 1244 (9th Cir. 1993) ...................................................................21, 22

*Nat'l Urb. League v. Ross*,
    489 F. Supp. 3d 939 (N.D. Cal. 2020) ...................................................................10

*Nguyen v. Kelly*,
    2017 WL 8229635 (C.D. Cal. July 12, 2017) ...................................................................7

*Palmer v. Valdez*,
    560 F.3d 965 (9th Cir. 2009) ...................................................................11

*Prendeville v. Singer*,
    155 F. App'x 303 (9th Cir. 2005) ...................................................................20

*Pumphrey v. K.W. Thompson Tool Co.*,
    62 F.3d 1128 (9th Cir. 1995) ...................................................................15, 20

*Rivera v. NIBCO, Inc.*,
    364 F.3d 1057 (9th Cir. 2004) ...................................................................13

*S. Union Co. v. Sw. Gas Corp.*,
    415 F.3d 1001 (9th Cir. 2005) ...................................................................21

*Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*,
    5 F.3d 1255 (9th Cir. 1993) ...................................................................8

*Searcy v. R.J. Reynolds Tobacco Co.*,
    902 F.3d 1342 (11th Cir. 2018) ...................................................................22

*Simers v. Los Angeles Times Commc'ns, LLC*,
    18 Cal. App. 5th 1248 (2018) ...................................................................19, 21, 23

*Smith v. Lightning Bolt Prods., Inc.*,
    861 F.2d 363 (2d Cir. 1988) ...................................................................22

*Spence v. Bd. of Educ. of Christina Sch. Dist.*,
    806 F.2d 1198 (3d Cir. 1986) ...................................................................20

*United States v. 4.0 Acres of Land*,
    175 F.3d 1133 (9th Cir. 1999) ...................................................................5

*United States v. J-M Mfg. Co., Inc.*,
    2018 WL 705532 (C.D. Cal. Jan. 31, 2018) ...................................................................19, 25

*United States v. Olano*,
    507 U.S. 725 (1993) ...................................................................9

*Victor v. R.C. Bigelow, Inc.*,
    2015 WL 5569716 (N.D. Cal. Sept. 21, 2015) ...................................................................6, 7, 9

*Watson v. City of San Jose*,
  800 F.3d 1135 (9th Cir. 2015) ...................................................18, 20, 21

*Wharf v. Burlington N. R. Co.*,
  60 F.3d 631 (9th Cir. 1995) ......................................................15, 16, 23

*White v. Ford Motor Co.*,
  312 F.3d 998 (9th Cir. 2002) ...............................................................21

*White v. Ford Motor Co.*,
  500 F.3d 963 (9th Cir. 2007) ...............................................................21

*Woods v. Aug.*,
  2018 WL 5841311 (N.D. Cal. Nov. 8, 2018) ...................................6, 9

*Yniguez v. State of Ariz.*,
  939 F.2d 727 (9th Cir. 1991) ...............................................................13

*Zender v. Vlasic Foods, Inc.*,
  91 F.3d 158 (9th Cir. 1996) (Table)....................................................21

*Zivkovic v. S. California Edison Co.*,
  302 F.3d 1080 (9th Cir. 2002) .............................................................11

*Zottola v. City of Oakland*,
  32 F. App'x 307 (9th Cir. 2002) .....................................................15, 16

**Constitution and Statutes**

U.S. Const., amend. VII ............................................................... *passim*

28 U.S.C. § 1292(b) ..................................................................... *passim*

**Rules**

Federal Rules of Civil Procedure
  Rule 38 ...............................................................................................11
  Rule 59 ...................................................................................5, 6, 15

U.S. District Court for the Northern District of California, Civil Local Rule 7-9.............1, 6, 7, 8

**Other Authorities**

Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2814 (3d ed. 2022) ............................................16

## I.    INTRODUCTION

Tesla's renewed motion for a new trial on liability as well as damages should be denied, not only on its merits but also because it is procedurally barred.

Tesla seeks reconsideration of this Court's April 13, 2022 and June 27, 2022 orders, which limited the scope of retrial to compensatory and punitive damages only. Tesla cannot meet the standard for obtaining such reconsideration, because there has been no change in the material facts or governing law. *See* Civil Local Rule 7-9(b); *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 2020 WL 2768683, at *2 (D. Or. May 28, 2020) (rejecting new *Gasoline Products* argument under nearly identical circumstances). Tesla simply discovered a new theory that it had previously overlooked during the months-long briefing on post-trial motions.

Independently, Tesla's motion is barred by the doctrines of waiver, forfeiture, and estoppel. Tesla could easily have presented its *Gasoline Products* argument as a separate ground for a full retrial in its November 16, 2021 new trial motion and December 21, 2021 reply brief. Tesla could have presented this argument at the January 19, 2022 post-trial hearing or in its May 18, 2022 opposition to plaintiff's motion for Section 1292(b) certification. Instead, Tesla argued in its initial new trial motion that if the Court were to reject Tesla's evidentiary arguments for a new liability trial, "**the Court should order a new trial on damages.**" Tesla's Mot. for J. as a Matter of Law, New Trial, and/or Remittitur (Nov. 16, 2021) (Dkt. 317) ("Post-Trial Motion") at 2 (emphasis added); *accord* Tesla Reply Br. (Dec. 21, 2021) (Dkt. 322) at 3. Tesla's alternative requests for a damages-only retrial in November and December 2021 estop Tesla from now demanding a new liability trial, and its subsequent silence constitutes waiver and forfeiture.

The U.S. Supreme Court recently held that the waiver inquiry focuses on defendant's conduct and does not require a showing of prejudice. *See Morgan v. Sundance, Inc.*, 142 S.Ct. 1708, 1713 (2022). Nonetheless, by failing to assert its *Gasoline Products* theory until July 2022 (*after* Mr. Diaz rejected the $15 million remittitur, which if accepted would have ended the case) and by then waiting another three months before filing this motion, Tesla prejudiced Mr. Diaz as well as this Court. To state the obvious, when the Court offered Mr. Diaz the option of accepting a remittitur or retrying

damages, it did so with the understanding that it had full authority to offer that option—because Tesla had advocated for that option without arguing that a damages-only retrial would violate its rights. Similarly, when Mr. Diaz decided to accept a limited retrial, after first seeking Section 1292(b) certification and then obtaining an extension of time to consider his options, he too understood that he had the right to accept the damages-only retrial he was offered. If Tesla believed it had the right to demand a full retrial based on *Gasoline Products*, it should have spoken up. Instead, it urged the Court to order a damages-only retrial as an alternative if the Court were to find that the evidence supported the jury's liability verdict.

Tesla now tries to mitigate this prejudice by "offer[ing] to allow" Mr. Diaz to reconsider his decision. Tesla's Mot. for New Trial on Liability and Damages ("Mot.") at 2. That is too little, too late. Tesla's belated offer can neither undo the prejudice Mr. Diaz has already suffered, nor erase the time and effort devoted by the parties and the Court litigating and adjudicating issues they would have addressed differently had Tesla not sprung its *Gasoline Products* argument on plaintiff and the Court so late. To cite just one example, plaintiff's Section 1292(b) motion would have been far different, and far stronger, had Tesla timely raised (and successfully urged) its *Gasoline Products* argument, because a ruling that *Gasoline Products* required a complete retrial would have presented a "controlling question of law as to which there is substantial ground for difference of opinion," entitling plaintiff to challenge the entire remittitur order. *See Antoine v. Cnty. of Sacramento*, 583 F.Supp.2d 1174, 1179 (E.D. Cal. 2008), *rev'd and remanded*, 400 F. App'x 205 (9th Cir. 2010) (certifying for interlocutory appeal "the controlling legal questions of whether defendants are entitled to a new trial on the issue of damages and, if so, whether the issue of liability must be retried as well").

Procedural defense aside, Tesla's motion also fails on its merits. Tesla repeatedly misstates the legal standard governing *Gasoline Products* retrials, urging the Court to adopt a categorical rule prohibiting damages-only retrials whenever (1) there is a substantial overlap between the evidence supporting liability and damages, or (2) plaintiff is seeking only noneconomic or punitive damages. That has never been the law. The Ninth Circuit, like other courts throughout the country, has repeatedly held that district courts have broad discretion in applying *Gasoline Products* based on the

facts and circumstances of each particular case. The critical inquiry is whether the grounds for the first jury's liability verdict were so uncertain that to instruct the second jury to assume liability before calculating resulting damages would deprive the defendant of its right to a fair trial. Damages-only retrials are routinely ordered, by trial and appellate courts alike, where there is a substantial "overlap" between liability and damages evidence *and* where plaintiffs seek non-economic or punitive damages.

Tesla has not presented any reason why the second jury in this case could not be clearly instructed in accordance with the first jury's detailed special verdict forms and the jury instructions those special verdicts incorporated. Nor has Tesla shown that the Court's decision to limit the scope of retrial would confuse the jury or cause injustice. A damages-only retrial in this case will be practical, efficient, and fair, and Tesla has not carried its burden of proving otherwise

## II. BACKGROUND

On October 4, 2021, the jury returned a special verdict finding Tesla liable to Owen Diaz on several claims under federal and California law. The jury's special verdict found that: (1) Tesla subjected Mr. Diaz to a racially hostile work environment; (2) Tesla was a joint employer of Mr. Diaz; (3) Mr. Diaz proved the elements of a hostile work environment caused by a supervisor; (4) Mr. Diaz proved the elements of a hostile work environment caused by a non-immediate supervisor or co-worker; (5) Mr. Diaz proved the elements of liability based on civil rights violation in a contractual relationship; (6) Tesla failed to take all reasonable steps necessary to prevent Mr. Diaz from being subject to racial harassment; and (7) Tesla's negligent supervision or continued employment of Ramon Martinez caused harm to Mr. Diaz. Verdict Form (Dkt. 301) at 1-2. Each of these findings incorporated specific jury instructions, which set forth each element required to establish liability on each claim. *Id.*

On November 16, 2021, Tesla moved for judgment as a matter of law and for a new trial, contending that it was not liable at all and, alternatively, that the jury's damages awards were excessive. Tesla did not cite *Gasoline Products* in its briefs or argue that the Court lacked authority to order a retrial limited to damages. To the contrary, Tesla argued that "the Court should *order a new trial on damages* unless Diaz agrees to a remittitur of compensatory damages to at most $300,000, which is the maximum award sustainable by the proof." Dkt. 317 at 2 (emphasis added); *accord* Dkt.

322 at 3 ("The Court should order a new trial on damages unless Diaz agrees to a remittitur[.]").

The Court began the January 19, 2022 hearing on Tesla's motion by stating:

> I'm not interested in argument about liability for Tesla or whether punitive damages were appropriate. I think there's ample evidence to support the verdict on those issues … I am interested in argument on the amount of damages awarded, the appropriateness of a remittitur, and the amount. …

Hearing Tr. at 3–4. Notwithstanding the Court's statement, Tesla never argued that a damages-only retrial would violate its rights.

On April 13, 2022, this Court issued its "Order on Post-Trial Motions." Dkt. 328. The Court denied Tesla's Motion for Judgment as a Matter of Law, rejecting each of Tesla's challenges to the jury's liability verdicts (both as to the state and federal claims for relief and as to punitive damages). *Id.* at 1-2, 14-26. But the Court agreed with Tesla that the damages awards were excessive and ordered plaintiff to choose between a $15 million remittitur or a "new trial on damages." *Id.* at 2, 43. Tesla did not object or seek reconsideration.

On May 5, 2022, plaintiff moved to certify the Court's Post-Trial Order for interlocutory appeal under 28 U.S.C. §1292(b). Dkt. 333 at 5. Plaintiff's motion explained why allowing an interlocutory appeal before any retrial would "materially advance … the litigation" and cited many cases authorizing interlocutory review of orders granting damages-only retrials. *Id.* at 13-15. Tesla's opposition did not dispute that if Mr. Diaz rejected the remittitur, the retrial would be limited to damages only. *See generally* Dkt. 339. On June 7, 2022, the Court denied plaintiff's motion. Dkt. 346 at 6. After obtaining an extension of time to consider his options, plaintiff on June 21, 2022 rejected the remittitur. Dkt. 347. The Court then issued an "Order Granting Motion for New Damages Trial," ordering that *Tesla's* "*motion for a new trial solely on damages* is GRANTED." Dkt. 348 (emphasis added).

At a trial setting conference on July 12, 2022, Tesla for the first time announced its position that under *Gasoline Products*, any retrial must encompass all liability issues, not just the damages issues that the Court had ordered to be retried. The Court "expresse[d] skepticism over the defendant's suggestion that liability be tried as well as damages in the new trial," but allowed Tesla to file a formal motion if it wished. July 12, 2022 Minute Order (Dkt. 352).

The parties twice met and conferred in September 2022 to discuss the scope of evidence to be presented on retrial. *See* Declaration of Michael Rubin, ¶ 6. Plaintiff pointed out that much of the evidence bearing on liability would no longer be necessary, including evidence pertaining to Tesla's status as a joint employer and whether it acted pursuant to a contract for purposes of Section 1981. *Id.* ¶ 7. Tesla insisted that under *Gasoline Products,* it would be entitled to a full retrial unless plaintiff agreed to exclude all evidence pertaining to racist incidents that did not result in a written complaint and all evidence pertaining to Tesla's history and pattern of discriminating against Black employees. *Id.* ¶ 6. Plaintiff rejected that proposal, explaining that a blanket exclusion of all such evidence would violate his own Seventh Amendment rights, but expressed willingness to continue working with Tesla to identify evidence from the first trial that could be omitted from the second trial. *Id.* ¶¶ 7-8.

## III. LEGAL STANDARD

A court may grant a new trial under Rule 59(a) "if the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice." *United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1139 (9th Cir. 1999). The "district court enjoys considerable discretion in granting or denying the motion." *Jorgensen v. Cassiday*, 320 F.3d 906, 918 (9th Cir. 2003). Under the Federal Rules of Civil Procedure, "[t]he court may, on motion, grant a new trial on all or some of the issues." Fed. R. Civ. P. 59(a)(1).

## IV. ARGUMENT

### A. Tesla's motion is procedurally barred.

Tesla contends that this Court erred in granting its alternative motion for a damages-only retrial, and that it has a constitutional right to a new trial as to *both* liability and damages under *Gasoline Prods. Co., Inc. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931). Tesla is wrong for the reasons stated *infra* at 14-25. But the Court need not reach the merits of Tesla's argument for at least three related reasons, all based on Tesla's unjustified—and unjustifiable—delay in asserting this argument and its affirmative representation that the Court *could* order a damages-only retrial if there was no evidentiary basis for a new liability trial.

**1. Tesla cannot satisfy the requirements for obtaining reconsideration.**

Local Rule 7-9 provides that reconsideration of a district court order is not permitted unless the moving party first moves for leave to seek reconsideration (which Tesla has never done), "specifically show[s] reasonable diligence in bringing the motion," and further shows:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

L.R. 7-9(b). As this Court has explained, "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Victor v. R.C. Bigelow, Inc.*, No. 13-CV-02976-WHO, 2015 WL 5569716, at *1 (N.D. Cal. Sept. 21, 2015) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Nor may such a motion "be used to relitigate old matters [or] to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* at *2.

Tesla does not come close to meeting this standard or establishing its entitlement to the "extraordinary remedy" of reconsideration. *Woods v. Aug.*, No. 3:15-CV-05666-WHO, 2018 WL 5841311, at *1 (N.D. Cal. Nov. 8, 2018) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)).

In November 2021, Tesla filed a motion for a new trial under Rule 59 of the Federal Rules of Civil Procedure. Granting that motion in part, this Court ruled in two separate orders that if plaintiff rejected the remittitur, any new trial would be limited to compensatory and punitive damages only. *See* Order on Post-Trial Motions (April 13, 2022) (Dkt. 328) at 43; Order Granting Motion for New Damages Trial (June 27, 2022) (Dkt. 348). Tesla's renewed new trial motion, which again seeks a full retrial rather than a damages-only retrial, is a procedurally and substantively improper motion for

1   reconsideration of the Court's April 13 and June 27 orders, which denied that identical relief.[1]

2          Tesla cannot satisfy any of the requirements for reconsideration. First, Tesla cannot show

3   "reasonable diligence in bringing the motion," because it waited more than six months after this Court

4   first ordered a limited retrial and three months after raising the issue at a case management conference

5   before filing this motion. *Cf. DeVries v. Experian Info. Sols., Inc.*, No. 16-CV-02953-WHO, 2017 WL

6   2377777, at *2 (N.D. Cal. June 1, 2017) (denying reconsideration where a "47-day delay in seeking

7   leave to file a motion for reconsideration" demonstrated that the movant had not acted with reasonable

8   diligence). Tesla did not seek to meet and confer with plaintiff on this issue until September 2022,

9   Rubin Decl. ¶ 4-5, and has never been able to explain why it waited until *after* this Court's new trial

10  orders, *after* plaintiff's Section 1292(b) motion was denied, and *after* Mr. Diaz chose to accept a

11  limited damages retrial before filing this motion.

12         Even if Tesla could somehow show reasonable diligence in bringing its motion—an impossible

13  task—it cannot possibly establish "highly unusual circumstances" sufficient to obtain reconsideration.

14  *See Victor*, 2015 WL 5569716, at *1.

15         *First*, Tesla points to no "emergence of new material facts" or "newly discovered evidence."

16  *See* L.R. 7-9(b)(1), (2); *Kona Enterprises*, 229 F.3d at 890. The facts of the case have not changed.

17  Tesla's motion is not based on any newly discovered evidence but on a 91-year-old Supreme Court

18  case. Tesla claims it "could not reasonably have anticipated that Mr. Diaz would make the unusual

19  choice to reject the Court's generous remittitur." Mot. at 13. Tesla's failure to predict plaintiff's

20  remittitur decision is irrelevant. Regardless, Tesla should not have been surprised that Mr. Diaz

21  rejected the remittitur after having requested more time to make his decision, since (1) the remittitur

22  reduced the jury's unanimous damages award by almost 90%, and (2) as Mr. Diaz explained in his

23  Section 1292(b) motion, only by accepting the damages-retrial option could he preserve his right to

24  challenge the remittitur on appeal. *See* Pl.'s Mot. to Certify for Interlocutory Review (Dkt. 333) at 13

25

26  ---
    [1] While Tesla concedes that its motion seeks "modification or rescission" of the Court's prior
27  interlocutory orders, it fails to state (much less apply) the standards governing reconsideration. Mot. at
    13. A party cannot avoid Local Rule 7-9's requirements by simply choosing not to style its motion as
28  seeking reconsideration. *See, e.g., Nguyen v. Kelly*, 2017 WL 8229635, at *1 (C.D. Cal. July 12, 2017);
    *Ahura Energy, Inc. v. Applied Materials, Inc.*, 2013 WL 623048, at *1 (N.D. Cal. Feb. 15, 2013).

("[I]n the absence of certification … the only way Diaz can appeal the Court's compensatory damages remittitur … is to demand a new trial on damages."). Further, plaintiffs often reject remittiturs in favor of damages-only retrials. *See, e.g*, *Jennings v. Yurkiw*, 18 F.4th 383, 389 (2d Cir. 2021).

*Second*, Tesla does not argue, and cannot argue, that there has been any intervening change of law that would justify its motion for reconsideration. *See* L.R. 7-9(b)(1), (2); *Kona Enterprises*, 229 F.3d at 890. To the contrary, Tesla is relying on a case, *Gasoline Products*, that was decided when Herbert Hoover was President.

*Third*, there was no "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before" its prior orders. *See* L.R. 7-9(b)(3). Tesla never argued that it would be entitled to a new liability trial under *Gasoline Products* even if the evidence did not otherwise entitle it to more than a damages-only retrial. While Tesla did seek a new trial on all issues, it never presented its *Gasoline Products* theory as an argument in support of that requested relief. Moreover, the new-trial arguments it did make regarding liability (which were the subject of extensive briefing by the parties and were addressed at length by the Court in its April 13, 2022 order) would have been entirely unnecessary had Tesla successfully asserted its *Gasoline Products* theory in its new-trial briefing.

*Fourth*, Tesla cannot demonstrate that the Court "committed clear error" in its prior orders or that those orders were "manifestly unjust." *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Tesla's *Gasoline Products* theory is wrong. *See infra* at 14-25. Even if it were a close call, though, the scope of retrial is committed to the sound discretion of the district court, even under *Gasoline Products*. *See d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 897 (9th Cir. 1977). Tesla therefore could not satisfy the "clear error" or "manifest injustice" standard in any event.

The Oregon district court was recently presented with a nearly identical situation in *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, No. 3:12-CV-1058-SI, 2020 WL 2768683 (D. Or. May 28, 2020). In that case, a jury returned a verdict in favor of the plaintiff, and the defendant filed post-trial motions for judgment as a matter of law and for a new trial. *Id.* at *1. The court denied the motions as to liability but granted a remittitur and ordered that if the remittitur were rejected, the

second trial would be limited to damages. *Id.* The plaintiff rejected the remittitur. *Id.* The defendant then moved for "reconsideration of the Court's order granting a new trial limited to damages," contending that "damages and liability are so intertwined in this case … that a court may not hold a trial limited to damages," citing *Gasoline Products*. *Id.* at *2.

The court denied the defendant's motion for reconsideration without reaching the merits of its *Gasoline Products* argument. The court first pointed out that the defendant, in its post-trial motions, "never cited either *Gasoline Products*" or cases relying on it and originally moved "alternatively for judgment as a matter of law, for new trial (on all issues, including liability), and for *new trial on damages*." *Id.* Further, the defendant "did *not* argue that if the Court were to … grant [the defendant's] request for remittitur and [the plaintiff] were to reject remittitur, the Court would need to grant a new trial on *both* liability and damages." *Id.* The court also pointed out that *Gasoline Products* is "not new law" and that the defendant had ample opportunity to raise its new theory, including "during oral argument on the post-trial motions" yet "gave no hint of its current position, either in briefs or at oral argument." *Id.* The court thus denied reconsideration, while explaining that further proceedings would clarify "[p]recisely how a second trial limited to damages will be structured." *Id.* at *3 & n.1.

As in *ICTSI*, Tesla has failed to establish that it is entitled to the "extraordinary remedy" of reconsideration. *Woods*, 2018 WL 5841311, at *1; *Victor*, 2015 WL 5569716, at *1.

### 2. Tesla's motion is independently barred by principles of waiver, forfeiture, and judicial estoppel.

Separate and apart from Tesla's failure to satisfy the criteria for obtaining reconsideration, Tesla's motion is precluded by the interrelated principles of waiver, forfeiture, and judicial estoppel.

#### i. *Waiver and forfeiture*

Waiver is "the intentional relinquishment or abandonment of a known right," while forfeiture is "the failure to make the timely assertion of a right." *United States v. Olano*, 507 U.S. 725, 733 (1993). A "federal court assessing waiver does not generally ask about prejudice." *Morgan*, 142 S.Ct. at 1713. "Waiver and forfeiture … encourage the orderly litigation and settlement of claims by preventing parties from withholding 'secondary, back-up theories' …, thus allowing party-opponents to appraise frankly the claims and issues at hand and respond appropriately." *Honcharov v. Barr*, 924 F.3d 1293,

1    1296 (9th Cir. 2019).

2         Tesla waived and forfeited its right to seek a full retrial by its course of intentional conduct

3 over a period of many months, including by: (1) failing to argue in its post-trial briefs in November

4 and December 2021 that damages could not be retried separately, *see generally* Dkt. 317, Dkt. 322;

5 (2) repeatedly suggesting in its post-trial briefs that a damages-only retrial would be appropriate, *see*

6 Dkt. 317 at 2, Dkt. 322 at 3; (3) failing to object to a damages-only retrial at the January 2022 hearing

7 on its post-trial motion, despite the Court's statement that it only wished to hear argument on damages,

8 *see* Jan. 19, 2022 Hearing Tr. at 3-5; (4) endorsing a damages-only retrial by failing to object to such a

9 limited retrial at any time between the Court's April 13, 2022 Post-Trial Order and plaintiff's June 21,

10 2022 deadline for rejecting the remittitur; (5) failing to object to a damages-only retrial in its May 18,

11 2022 opposition to Diaz's Section 1292(b) motion, even though that motion analyzed the issues in the

12 context of a damages-only retrial; and (6) further delaying the present motion until six months after the

13 post-trial order and three months after first raising the issue with plaintiff's counsel and the Court.

14         This course of conduct establishes that Tesla intentionally relinquished any right to object to a

15 damages-only retrial by strategically seeking such a retrial and remaining silent on the many occasions

16 when timely assertion of its *Gasoline Products* theory could have affected the course of the litigation

17 and could have saved the parties and the Court substantial time and effort. By waiting until *after*

18 plaintiff rejected the remittitur before raising *Gasoline Products,* Tesla failed to timely assert its rights

19 and prejudiced plaintiff's rights. *See Nat'l Urb. League v. Ross,* 489 F. Supp. 3d 939, 979 (N.D. Cal.

20 2020) (arguments not made in a party's brief are forfeited); *cf. ICTSI Oregon, Inc.*, 2020 WL 2768683,

21 at *2 (defendant "should have raised [*Gasoline Products*] argument in its post-trial motions," because

22 "if the Court would have agreed with the argument …, this would have been important information for

23 [plaintiff] to consider before deciding whether to accept remittitur").

24         Tesla's efforts to justify its waiver and forfeiture fall flat. *First*, Tesla asserts that it "expressly

25 preserved in its post-trial motion its right to seek a new trial on liability as well as damages." Mot. at

26 12. That entirely misses the point. Sure, Tesla initially sought a complete retrial. But the only grounds

27 it asserted in support of a new *liability* trial were insufficiency of the evidence and lack of a Section

1981 or state law contract. Tesla never presented (or even hinted at) its wholly unrelated *Gasoline Products* theory as a ground for retrying liability, despite having ample opportunity to do so. Tesla cannot claim that it "expressly preserved" the *Gasoline Products* theory it never raised, especially when that theory was *inconsistent* with the relief that Tesla sought in the alternative—"a new trial…with respect to the jury's damages award." *See* Mot. at 2 (acknowledging that its post-trial motion sought "a new trial as to each of Diaz's claims" and "in the alternative, 'a new trial or remittitur with respect to the jury's damages award.'").

*Second*, Tesla argues that a waiver finding "would run afoul of the Seventh Amendment and the established presumption against waivers of constitutional rights." Mot. at 12. But of course, "[l]ike other constitutional rights, the right to a jury trial in civil suits can be waived," *Palmer v. Valdez*, 560 F.3d 965, 968 (9th Cir. 2009), and courts often find such waivers. For example, a party that fails to make a timely jury demand waives its jury trial rights, even if its failure was based on "oversight," "inadvertence," or a "good faith mistake of law." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1086 (9th Cir. 2002); *see also* Fed. R. Civ. P. 38(d) ("A party waives a jury trial unless its demand is properly served and filed."). A party that signs an arbitration agreement or fails to timely lodge jury fees waives its jury trial rights as well.

Tesla argues that the presumption against waiver "require[s] that any waiver must be 'knowing, voluntary, and intelligent.'" Mot. at 12. Even if that is the standard, it is easily met here, because Tesla knowingly, strategically, and repeatedly requested that the Court order a "new trial on damages" without even hinting that if it won a new damages trial, it would use that ruling as a springboard for its new theory that the entire case must be retried. *See, e.g.*, Post-Trial Mot. (Dkt. 317) at 2; Reply Br. (Dkt. 322) at 3; *cf. Palmer*, 560 F.3d at 969–70 (party knowingly and voluntarily waived his jury trial right when he "never suggested to the district court that his proposed resolution of his problem constituted an improper conditioning of his constitutional right to a jury trial."). Tesla claims that its failure to have raised this issue earlier was justified because it "could not reasonably have anticipated" that plaintiff would reject the remittitur. Mot. at 13. But that argument fails for the reasons stated *supra* at 7-8. *See ICTSI Oregon, Inc.*, 2020 WL 2768683, at *2 ("[The defendant's] only argument for why it

did not cite these decades-old cases in its post-trial motions and did not present the argument it now raises is that it did not need to because the Court had not yet ordered a new trial limited to damages. This argument is rejected.").

*Third*, Tesla asserts that expanding the scope of retrial to include liability, and thus forcing Owen Diaz to start from scratch and once more undergo a full-blown trial on all liability issues, including those that have nothing to do with damages, "would impose no prejudice on Mr. Diaz." Mot. at 13. That argument fails for the threshold reason that the non-moving party has no obligation to prove prejudice in seeking to establish waiver. *See Morgan,* 142 S.Ct. at 1713. Regardless, Tesla's assertion defies reality. Forcing Mr. Diaz to retry this entire case, after the jury found in his favor on every issue and after this Court upheld each of those findings against Tesla's post-trial challenge, would impose a substantial personal and emotional burden on him. Moreover, Mr. Diaz made his election in reliance on the Court's order that retrial would be limited to damages, so expanding the retrial *after* Mr. Diaz rejected the remittitur would plainly constitute prejudice.

Tesla's "offer" to give "Mr. Diaz the opportunity to make his new trial election again," Mot. at 13, does not solve the problem. "Starting over from the beginning" is not how courts resolve waivers of arguments, claims, or defenses. Offering to re-set the litigation clock to pre-waiver time neither excuses Tesla's delay nor diminishes its prejudicial effects. Not surprisingly, Tesla has not cited a single case holding that a defendant may seek to expand the scope of a limited retrial *after* the plaintiff has rejected a remittitur and has opted instead for a limited retrial.[2]

Tesla wants the Court to ignore Mr. Diaz's difficult decision about whether to accept the remittitur, along with whatever anguish and intense family discussions may have accompanied it. But forcing Mr. Diaz to go through that decisionmaking process again—for no reason other than to accommodate Tesla's belated assertion of its *Gasoline Products* theory—would unquestionably be prejudicial. Further, if Mr. Diaz were to accept the $15 million remittitur after re-weighing the risks

---

[2] Of course, parties routinely raise, and courts routinely resolve, disputes over the scope of retrial while litigating remittitur issues. *See, e.g., Cosby v. AutoZone, Inc.*, 445 F. App'x 914, 917 (9th Cir. 2011) ("In the event Mr. Cosby refuses remittitur, a new trial will go only to the issue of damages [under *Gasoline Products*]."); *Holt v. Pennsylvania*, 2015 WL 4944032, at *35 (E.D. Pa. Aug. 19, 2015) ("In that liability and damages are inseparably interwoven in this case, should Plaintiff not consent to the remittitur, a new trial on both liability and damages must be held.") (cited in Tesla Mot. at 13).

and burdens of a complete retrial against a reconstituted Tesla trial team, that payment would be made six (or more) months later than if Tesla had timely asserted its *Gasoline Products* theory. In addition, if Tesla had timely and *successfully* asserted that theory, *but see infra* at 14-25 (showing why that theory is meritless), plaintiffs' motion for certification under 28 U.S.C. §1292(b) would have been materially stronger and far more likely to have been granted by this Court and the Ninth Circuit, because the application of *Gasoline Products* to this case would give rise to a controlling question of law as to which there would be substantial ground for difference of opinion, and an immediate appeal from any such order could have materially advanced the ultimate termination of the litigation by avoiding the need for a full liability and damages retrial. *See Antoine*, 583 F.Supp.2d at 1179 (certifying *Gasoline Products* issue under Section 1292(b)). Plaintiff would therefore have been entitled to appeal *both* issues: the amount of the remittitur as well as the validity of Tesla's new *Gasoline Products* theory. *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (interlocutory review not limited to certified legal issue). This prejudice, too, supports denying Tesla's motion.

### ii. Judicial estoppel

The doctrine of judicial estoppel, "sometimes referred to as the doctrine of preclusion of inconsistent positions, … prevent[s] a party from changing its position over the course of judicial proceedings when such positional changes have an adverse impact on the judicial process. Although most commonly applied to bar a party from making a factual assertion in a legal proceeding which directly contradicts an earlier assertion made in the same proceeding or a prior one, it applies more generally as well." *Yniguez v. State of Ariz.*, 939 F.2d 727, 738 (9th Cir. 1991) (cleaned up). As this Court has explained, the doctrine "serves to prohibit a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Cont'l Cas. Co. v. Chatz as Tr. for CFB/WFB Liquidating Tr.*, 591 B.R. 396, 411 (N.D. Cal. 2018). The three relevant factors are: "(i) whether the party's later position is clearly inconsistent with its earlier position; (ii) whether the party succeeded in persuading a court to accept its earlier position, creating a perception that the first or second court was misled; and (iii) whether the party seeking to assert an inconsistent position derives an unfair advantage or imposes an unfair detriment on the opposing party." *Id.* at 412.

For many of the same reasons previously discussed, Tesla should be estopped from now asserting that it is entitled to a full retrial. Tesla previously sought, and received, a "new trial on damages," without raising any procedural or constitutional objection to such a new trial. Dkt. 317 at 2; Dkt. 322 at 3. Tesla cannot now assert, completely contrary to the position asserted in its post-trial motion, that the alternative relief of a damages-only retrial is unavailable. Tesla's about-face misled not only the Court, but also plaintiff in making his remittitur selection—plainly an "unfair advantage" and "unfair detriment on the opposing party." *Cont'l Cas. Co.*, 591 B.R. at 412.

For all of these grounds, the Court should deny Tesla's motion as procedurally barred.

**B.  A damages-only retrial is appropriate and well within the Court's discretion.**

On the merits, Tesla's *Gasoline Products* arguments fare no better, as they misstate the scope of the underlying doctrine and misapply the doctrine as properly understood to the facts of this case.

The question under *Gasoline Products* is not whether a factual overlap exists between liability and damages evidence or whether those facts or that evidence are "intertwined." Dozens of courts in the nine decades since *Gasoline Products* have ordered damages-only retrials where the facts supporting liability are also relevant to damages, including in cases where damages are entirely based on emotional distress, pain and suffering, or other non-economic harms. Rather, the issue under *Gasoline Products*—which was much more about the right to a "fair" trial rather than to a "jury" trial—is whether limiting retrial to damages only would cause undue jury confusion or be so prejudicial as to cause manifest injustice to the defendant.[3]

The Court need not reach the merits of Tesla's *Gasoline Products* arguments for the reasons stated above. If it does, however, it should reject Tesla's argument, because on the facts of this case the

---

[3] Although many courts have characterized *Gasoline Products* as a Seventh Amendment right-to-jury case, the Court's analysis in the relevant final section of its opinion turned on whether a damages-only retrial on the defendants' counterclaim would deprive plaintiff of a fair trial, and the cases cited by the Court were state-law fair trial cases. *See* 283 U.S. at 499-500. In this case, the damages retrial, like the initial trial, will of course be before a jury, which is why the real question should be whether that second jury can *fairly* try the issues presented. *See id.* at 498-99 ("All of vital significance in trial by jury is that issues of fact be submitted for determination with such instructions and guidance by the court as will afford opportunity for that consideration by the jury which was secured by the rules governing trials at common law. … [W]here the requirement of a jury trial has been satisfied by a verdict according to law upon one issue of fact, that requirement does not compel a new trial of that issue even though another and separable issue must be tried again.").

Court had ample discretion to order a damages-only retrial after concluding that the evidence fully supported the jury's liability special verdict.

### 1. This Court properly ordered a retrial limited to damages.

The Ninth Circuit has emphasized on many occasions that "the granting of a new trial limited to the issue of damages rests primarily in the discretion of the trial court[.]" *d'Hedouville*, 552 F.2d at 897; *Wharf v. Burlington N. R. Co.*, 60 F.3d 631, 638 (9th Cir. 1995); *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1134 (9th Cir. 1995); *Zottola v. City of Oakland*, 32 F. App'x 307, 312–13 (9th Cir. 2002) (rejecting *Gasoline Products* appeal and stating that "[c]ourts have broad discretion to grant new trials on all or only some issues"); *Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*, 547 F. App'x 832, 833 (9th Cir. 2013); *see also* Fed. R. Civ. P. 59(a)(1) ("The court may, on motion, grant a new trial on all or some of the issues[.]"); *Drumgold v. Callahan*, 707 F.3d 28, 46 (1st Cir. 2013) (scope of retrial under *Gasoline Products* is "distinctly within the ken of the trial judge").

In *Gasoline Products*, the Supreme Court held that although district courts generally have discretion to order new trials limited to particular issues, there are certain circumstances in which a limited retrial would be unfair or unjust. 283 U.S. at 500. In that case, the First Circuit found error in jury instructions regarding breach-of-contract damages on a defendant's counterclaim, and ordered a new trial limited to damages only. *Id.* at 496-97. The Supreme Court agreed that partial retrials are constitutionally permissible (in contrast to the former common law rule, *id.* at 497) and that because the portion of the verdict establishing defendant's liability to plaintiff was error-free, that part of the case did not need to be retried. *Id.* at 498-99.

The Court reached a different conclusion, though, as to defendant's counterclaim. As the Court pointed out, two contracts were at issue on the counterclaim, one oral and one written; and although each of those contracts could have been breached in different ways at different times, there was no way to determine from the jury's liability verdict which contract was breached, or when, or how. *Id.* at 495-96, 499-500. Because the first jury had simply found that "a" contract had been breached, the second jury on retrial could not calculate the resulting breach-of-contract damages without making those determinations itself. It had no other way to know which contract was breached, what the terms of the

oral contract had been ("whether … for one, two, or three towers"), how either contract had been breached, or when the breach or breaches occurred—all of which were essential predicates for determining damages but all of which were unknowable under the first jury's ambiguous verdict. *Id.* at 499-500.[4] Consequently, although the Supreme Court recognized that in many cases a limited retrial is within the trial court's discretion when "the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice," on the facts of *Gasoline Products* "the question of damages on the counterclaim is so interwoven with that of liability that the former cannot be submitted to the jury independently of the latter *without confusion and uncertainty, which would amount to a denial of a fair trial.*" *Id.* at 500 (emphasis added).

*Gasoline Products* established the general principle that trial courts have discretion to order damages-only retrials unless those damages issues are "so interwoven with that of liability" that a damages-only retrial would cause such "confusion and uncertainty" as to "amount to a denial of a fair trial," or otherwise cause "injustice." *Id.* As one district court recently explained, "*Gasoline Products* places guard rails on retrials but settles that the scope of a retrial may be limited." *Erhart v. BofI Fed. Bank*, 2022 WL 3160730, at *3 (S.D. Cal. Aug. 8, 2022).

The Ninth Circuit has repeatedly allowed damages-only retrials under the discretionary standards established by *Gasoline Products*. *See, e.g.*, *Wharf*, 60 F.3d at 638 (limiting retrial to damages where "[w]e do not foresee any such injustice resulting"); *Digidyne Corp. v. Data Gen. Corp.*, 734 F.2d 1336, 1347 (9th Cir. 1984); *Cosby*, 445 F. App'x at 917; *Zottola*, 32 F. App'x at 312–13; *see also Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1067 & n.6 (9th Cir. 2005). Indeed, a "new trial limited to damages when liability has been properly determined" is "perhaps the most common example" of a limited retrial. Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2814 (3d ed. 2022); *see also Erhart*, 2022 WL 3160730, at *3 (collecting "ample examples in the Ninth Circuit of retrials being limited to determining damages").

---

[4] As the Supreme Court explained, the second jury "cannot fix the amount of damages unless also advised of the terms of the contract; and the dates of formation and breach may be material," yet the record made it "impossible…to say precisely what were the dates of formation and breach of the contract found by the jury, or its terms," because "[d]ifferent dates are alleged in the counterclaim[,] …[n]o date was set for performance, and what the jury, by its verdict, found to be the reasonable time for performance, is not disclosed by the record." *Id.*

In this case, the Court acted well within its discretion in ordering a damages-only retrial. First, as the Court found in its Post-Trial Order, the jury's answers to the six special verdict form questions bearing on liability were fully supported by substantial evidence in the record. Dkt. 328 at 14–26. As a result, ordering an entirely new trial on all liability issues (including issues having no connection to damages, such as joint employment and the existence of a Section 1981 contract) would require a profoundly inefficient expenditure of the parties' resources and the court and jurors' time. *See Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 774–75 (9th Cir. 1981) (while courts "should proceed with caution in remanding for a partial new trial… [they] also should not be slow to adopt a rule that looks to the preventing of further contest on phases of litigation or issues already well settled, the saving to litigants the costs incident to relitigation of such matters, and to the courts the time unnecessarily consumed therein.") (cleaned up).

Second, liability and damages are "distinct and separable" issues in this case that can be tried separately "without injustice." *Gasoline Products*, 283 U.S. at 500. The liability inquiry concerns whether Tesla created a hostile work environment and whether it negligently supervised its employees. *See* Final Jury Ins. (Dkt. 280) Nos. 26-37. By contrast, the damages inquiry concerns (1) the "nature and extent of the injuries" suffered by Plaintiff Owen Diaz and "[t]he mental or emotional pain and suffering experienced and that with reasonable probability will be experienced in the future" (with respect to compensatory damages), *see id.* No. 38, and (2) whether Tesla's conduct was "malicious, oppressive or in reckless disregard of the plaintiff's rights" (with respect to punitive damages), *see id.* No. 40. While some evidence pertaining to liability under Section 1981 and state law is relevant to the proper amount of compensatory and punitive damages, the issues and inquiries themselves are clearly distinct; and the fact that the first jury found liability will not prevent the second jury from independently determining the extent of Mr. Diaz's injuries or the extent to which Tesla's conduct warrants punishment. In light of the first jury's detailed special findings with respect to each liability issue, this is not a case in which a second jury would be unable to determine the damages resulting from defendant's violations of applicable state and federal law. *See Martell v. Boardwalk Enterprises, Inc.*, 748 F.2d 740, 756 (2d Cir. 1984) (damages retrial "appropriate since special interrogatories

1    discretely dealing with the liability questions and the damage awards were put to the jury"). The

2    second jury will not need to know which witnesses the first jury found most credible or which

3    incidents of racial harassment the first jury found most troubling, for that second jury to decide for

4    itself how Mr. Diaz was affected by the conditions at Tesla's Fremont factory and what amount of

5    punitive damages would be appropriate to punish Tesla for its wrongful actions and inaction.

6            **2.   Tesla misstates the law and the Court's discretion to limit the issues on retrial.**

7            Tesla ignores that the appropriate scope of retrial, even under *Gasoline Products*, is committed

8    to the sound discretion of the district court, to be exercised in light of the particular circumstances of a

9    given case. Tesla invokes several categorical rules that it purports to derive from several unpublished

10   appellate decisions and non-precedential trial court rulings—such as the supposed rules that damages

11   cannot be separately retried where the evidence substantially overlaps or where plaintiff is seeking

12   noneconomic or punitive damages. But those "rules" are contrary to the controlling case law

13   emphasizing trial court discretion and to many cases permitting limited retrials in circumstances nearly

14   identical to this case (which under Tesla's categorical rules would have come out the other way).

15           Tesla asserts that "[t]he hostile environment liability issues deal with the exact same set of facts

16   that govern the damages issues" and that "[t]his overlap requires retrial of both liability and damages

17   under *Gasoline Products*." Mot. at 4; *accord id.* at 5 ("Mr. Diaz's theories of liability and damages

18   involve essentially identical evidence."). This argument fails on multiple levels. First, that some of the

19   facts and evidence relevant to calculating damages were also relevant to the first jury's six liability

20   findings does not make a damages-only retrial unjust—if it did, damages-only retrials would be

21   available only in the narrow category of cases in which the facts establishing liability have no bearing

22   on the resulting damages award. Yet the Ninth Circuit (and other courts) routinely approve limited

23   retrials where the nature and scope of defendants' wrongful conduct is as relevant to damages

24   (including non-economic damages) as to liability. *See, e.g.*, *Watson v. City of San Jose*, 800 F.3d 1135,

25   1137, 1140 n.9 (9th Cir. 2015) (affirming retrial limited to compensatory and punitive damages, where

26   jury was instructed in second trial to "consider the mental and emotional pain and suffering

27   experienced by each of these plaintiffs as a result of the Constitutional violations"); *Larez v. Holcomb*,

28

1    16 F.3d 1513, 1516 (9th Cir. 1994) (limiting retrial to compensatory and punitive damages, not

2    liability for unlawful arrest under Section 1983); *id.* at 1526 (Leavy, J., dissenting) (noting that "to

3    retry the issue of damages on remand it will be necessary for it to go back through all of the evidence

4    heard in the first trial"); *Mfg. Research Corp. v. Greenlee Tool Co.*, 693 F.2d 1037, 1041–42 (11th Cir.

5    1982) (affirming district court's grant of a new trial limited to damages and concluding that "[t]he

6    repetition of some of the liability evidence, necessary to establish causation, did not render the trial

7    unfair"); *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1128 (7th Cir. 1999) (a party's

8    "Seventh Amendment argument boils down to an assertion that much of the evidence presented in the

9    first trial would have been re-examined in the second. Yet, this alone does not raise constitutional

10   concerns."); *Simers v. Los Angeles Times Commc'ns, LLC*, 18 Cal. App. 5th 1248, 1284 (2018) ("[T]he

11   issue of liability for discrimination was plainly determined by the jury … Defendant has not shown

12   how it could be prejudiced by a new trial, limited to the amount of noneconomic damages that resulted

13   from the discrimination."); *Bullock v. Philip Morris USA, Inc.*, 159 Cal. App. 4th 655, 700–01 (2008)

14   (remanding for punitive-damages-only retrial even though "much of the same evidence presented in

15   the first trial will be presented again in the new trial"); *Cosby*, 445 F. App'x at 916-17 (ordering retrial

16   limited to damages, including emotional distress damages arising from employment discrimination);

17   *United States v. J-M Mfg. Co., Inc.*, 2018 WL 705532, at *10 (C.D. Cal. Jan. 31, 2018) ("[T]he

18   potential for overlapping evidence is not, in and of itself a Seventh Amendment problem."). If Tesla's

19   overbroad and unduly rigid view of the law were correct, damages-only retrials would be exceedingly

20   rare and limited only to a narrow range of legal claims.

21          Second, as a factual matter, Tesla significantly overstates the extent of "overlap" that would be

22   required in a limited damages-only retrial. Many fact issues that were disputed and litigated in the first

23   trial (such as whether Tesla was Mr. Diaz's joint employer and whether Tesla acted pursuant to a

24   Section 1981 "contract") have no relevance to compensatory or punitive damages and need not be

25   retried. Ordering a full retrial encompassing those issues would be a waste of resources and would be

26   unduly burdensome. *See Lies*, 641 F.2d at 774–75 (courts "should not be slow to adopt a rule that

27   looks to the preventing of further contest on phases of litigation or issues already well settled[.]").

28

While the second jury's damages award will rest in part upon evidence that Mr. Diaz was exposed to extensive racial harassment and that Tesla's callous disregard of that egregious conduct caused Mr. Diaz to suffer severe emotional distress and was "reprehensible," Mot. at 7-8, the jury will be reviewing that evidence from a different perspective and for a different purpose than the first jury reviewed it in assessing liability. And of course, because the first jury decided damages as well as liability, the first trial also included considerable damages-related evidence that had little if anything to do with Tesla's liability (including much of Mr. Diaz's own testimony, and the testimony of his daughter and his damages expert).[5]

Tesla also argues that under *Gasoline Products*, retrials limited to damages are unavailable whenever the plaintiff seeks noneconomic or emotional distress damages. *See* Mot. at 7 ("So long as Mr. Diaz does not agree to limit the damages retrial to physical symptoms … the question of Tesla's liability and Mr. Diaz's damages are inseparable, and a retrial on damages alone would not be a constitutional fair trial."); *id.* at 6 ("This case is sharply unlike the standard damages retrial when an issue of liability … is cleanly separable from the issue of what monetary amount might compensate a purely *economic* injury."). Tesla's argument is contrary to Ninth Circuit authority, published as well as unpublished, which affirmed limited new trial orders or ordered damages-only retrials in cases where noneconomic damages were at issue. *See, e.g.*, *Watson*, 800 F.3d at 1137, 1140 n.9 (damages retrial jury instructed to "consider the mental and emotional pain and suffering experienced by each of these

---

[5] Tesla mostly relies upon unpublished, out of circuit, and/or district court cases for its incorrect assertion that factual overlaps between liability and damages evidence necessarily require a full retrial under the Seventh Amendment. To the extent those cases explain their reasoning (and many do not), they are distinguishable. For example, the reason the Ninth Circuit required a full retrial in *Pumphrey*, 62 F.3d at 1133-34, is that the first verdict had been tainted by fraud upon the court, and the plaintiff deserved "the opportunity to present a complete case, unhampered by [the] fraud." Moreover, rather than applying a categorical rule as Tesla requests, most of Tesla's cases expressly recognize that the district court has discretion over the scope of the new trial. *See, e.g.*, *Prendeville v. Singer*, 155 F. App'x 303, 305 (9th Cir. 2005) ("A district court has discretion to reopen liability if a new trial on damages alone would work injustice"); *Akey v. Placer Cnty.*, 2019 WL 5102241, at *4 (E.D. Cal. Oct. 11, 2019) ("[T]he court exercises its discretion and will conduct a new trial in full."); *Spence v. Bd. of Educ. of Christina Sch. Dist.*, 806 F.2d 1198, 1202 (3d Cir. 1986) ("[T]he district judge properly used his discretion … to determine that the liability and damage issues should be tried together on a retrial."). These cases confirm that the mere presence of overlapping evidence—or even "interwoven" evidence—does not automatically require a full retrial. Rather, the question under *Gasoline Products* is whether the "question[s]" are "*so* interwoven" that separate trials would cause "confusion and uncertainty" for the jury or otherwise cause some "injustice" or unfairness for the parties. 283 U.S. at 500 (emphasis added).

plaintiffs as a result of the Constitutional violations"); *Cosby*, 445 F. App'x at 916-7 (ordering retrial limited to damages, including emotional distress damages arising from employment discrimination). Even the U.S. Supreme Court, in *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 313 (1986), has remanded a case for a damages-only retrial where, as here, those damages included "any mental anguish or emotional distress that [the jury] find[s] the Plaintiff to have suffered as a result of conduct by the Defendants depriving him of his civil rights." *Id.* at 302; *see also id.* at 307 (affirming availability of emotional distress damages).

Under Tesla's categorical approach, the Supreme Court's remand order in *Stachura*, like each of the other court orders cited above, would be prohibited as violations of the defendants' constitutional rights. That is obviously not the law. *See also Simers*, 18 Cal. App. 5th at 1284 ("Defendant has not shown how it could be prejudiced by a new trial, limited to the amount of noneconomic damages that resulted from the discrimination."); *Cole v. Foxmar, Inc.*, 2022 WL 842881, at *18 (D. Vt. Mar. 22, 2022) (finding emotional distress damages sufficiently separable from liability in a wrongful termination case); *Mahoney v. Canada Dry Bottling Co. of New York/Coors Distrib. Co. of New York*, 1998 WL 231082, at *9 (E.D.N.Y. May 7, 1998) (finding emotional distress and punitive damages separable from liability in a Section 1981 retaliation case).

Tesla similarly errs in contending that the *Gasoline Products* doctrine precludes punitive-damages-only retrials. According to Tesla, federal law "generally requires that the same jury determine both liability for, and the amount of, punitive damages because those questions are so interwoven." Mot. at 9 (quoting *Zender v. Vlasic Foods, Inc.*, 91 F.3d 158, at *5 (9th Cir. 1996) (Table)). But that passing statement from an unpublished opinion is inconsistent with the indisputable fact that the Ninth Circuit has repeatedly affirmed or ordered new trials on punitive damages separate from liability. *See, e.g.*, *Watson*, 800 F.3d at 1137, 1141 n.9; *Larez*, 16 F.3d at 1516; *White v. Ford Motor Co.*, 500 F.3d 963, 977 (9th Cir. 2007); *S. Union Co. v. Sw. Gas Corp.*, 415 F.3d 1001, 1011 (9th Cir. 2005); *White v. Ford Motor Co.*, 312 F.3d 998, 1020 (9th Cir. 2002); *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 865 (9th Cir. 2002); *Morgan v. Woessner*, 997 F.2d 1244, 1258–59 (9th Cir. 1993) ("To avoid any conflict with the Seventh Amendment, the preferable course is to afford the party awarded the grossly

excessive punitive damages, whether that is determined by a trial or appellate court, the option of either accepting the remittitur of the punitive damage award or a new trial *on that issue*.") (emphasis added). Other courts agree. *See, e.g.*, *Brewer v. Second Baptist Church of Los Angeles*, 32 Cal. 2d 791, 803 (1948); *Atlas Food Sys. & Servs., Inc. v. Crane Nat. Vendors, Inc.*, 99 F.3d 587, 599 (4th Cir. 1996) (rejecting *Gasoline Products* challenge to punitive damages retrial); *Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 375 (2d Cir. 1988) (finding punitive damages retrial consistent with *Gasoline Products*); *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1357-58 (11th Cir. 2018) (upholding separate trial of punitive damages against a *Gasoline Products* challenge, and reasoning that "[t]he [second] jury was not asked to speculate about what the earlier … jury had found, but merely to examine the evidence that had been presented before it at trial to determine whether punishment of Defendants via additional damages was warranted. … [W]hatever thinking went into the [first] jury's conclusion that Defendants had concealed material information—and whether or not the [first] jury based its finding of liability on the particular theory urged by Plaintiff [in the second trial]—Plaintiff's jury did not have to revisit that first jury's rationale on liability to reach a decision that Defendants' conduct in the case before it warranted punitive damages.").

This Court acted well within its discretion in ordering a damages-only retrial. The most relevant consideration in evaluating whether the Court acted within the scope of its discretion is whether a damages-only retrial would be so unjust as to deprive Tesla of its right to a fair trial. Tesla's arguments fall far short of satisfying that burden.

### 3. Tesla has failed to demonstrate that a damages retrial would cause injustice.

Although Tesla contends that it "has no obligation to demonstrate 'prejudice,'" it appears to concede that it must demonstrate that "a partial retrial would create 'confusion and uncertainty' that 'amounts to a denial of a fair trial' and works 'injustice.'" Mot. at 9-10. That is correct, because *Gasoline Products* only requires a full retrial when the court finds in the exercise of its discretion that damages and liability are "*so* interwoven" that separate trials would cause "confusion and uncertainty" for the jury or otherwise cause "injustice" or unfairness for the parties. 283 U.S. at 500 (emphasis added). Here, Tesla has not carried its burden of demonstrating that a damages retrial would cause

1   confusion or uncertainty or would otherwise deprive Tesla of its right to a fair trial. *See Wharf*, 60 F.3d

2   at 638 (ordering damages retrial where court "do[es] not foresee any such injustice resulting in [this]

3   case"); *Simers*, 18 Cal. App. 5th at 1284 ("Defendant has not shown how it could be prejudiced by a

4   new trial, limited to the amount of noneconomic damages … The absence of a showing of prejudice or

5   injustice is fatal to its claim."); *Erhart*, 2022 WL 3160730, at *4 (limiting retrial to damages where

6   "the Court is unpersuaded by all of [defendant's] arguments that only trying punitive damages will

7   cause injustice").

8      Tesla argues that a damages retrial would present a "risk of unfair 'bolstering'" because "there

9   is a substantial risk that the second jury will credit Mr. Diaz's damages evidence if it is instructed that

10  materially identical evidence led the first jury to find liability." Mot. at 10. That argument fails. For

11  starters, if such "bolstering" were a sufficient reason to require a full retrial, a full retrial would be

12  required whenever a second jury hears evidence that was presented at the first trial. Such a rule has no

13  basis in *Gasoline Products* and would be inconsistent with Ninth Circuit and other law for the same

14  reasons as Tesla's other arguments regarding "overlapping" evidence. *See supra* at 18-19. Tellingly,

15  Tesla does not cite a single case in which a court has required a full retrial based on concerns of

16  improper "bolstering." *See* Mot. at 10. Besides, the premise of Tesla's concern is mistaken because

17  there will be no need to instruct the jury in this case (or most cases) "that materially identical evidence

18  led the first jury to find liability." *Id.* The second jury does not need to hear anything about what

19  particular evidence the first jury considered; it only needs to know what the first jury found in its

20  special verdicts regarding liability and, to some extent, what some of the underlying instructions

21  incorporated into those special verdicts might have provided. The second jury will not know whether

22  the first jury considered the same evidence or evaluated the same witnesses.

23     Relatedly, while Tesla expresses concern that the second jury will "make unfair inferences as to

24  what evidence the first jury found persuasive," the second jury will be assessing any similar evidence

25  for different purposes. Moreover, the jury will be given such standard instructions as: it must decide

26  the case based solely upon the evidence before it; some evidence may be admitted for only a limited

27  purpose; and it may believe or disbelieve the testimony of any witness in whole or in part. *See* Final

28

1    Jury Ins. (Dkt. 280) Nos. 1, 5, 8.

2        Tesla suggests that bolstering is a particular concern here because "unlike in a case involving

3    contract damages [or similar claims] … the second jury's assessment of emotional distress and

4    punitive damages based on a racially hostile workplace claim will necessarily involve an assessment of

5    the severity and pervasiveness of the alleged racially hostile workplace environment at the Fremont

6    factory." Mot. at 11. Putting aside that Tesla overstates the extent of the overlap between liability and

7    damages evidence, *see supra* at 19-20, this argument fails because by the time jurors in *any* case reach

8    the point of calculating damages, they necessarily know that the defendant engaged in wrongful

9    conduct giving rise to liability. The first jury in this case, for example, awarded compensatory and

10   punitive damages only after finding Tesla liable for racial harassment and negligent supervision; its

11   damages award was necessarily informed by its finding of liability. That the second jury will start with

12   a finding of liability will not cause undue prejudice to Tesla because juries never award damages until

13   after liability has been established. There is no basis for Tesla's assertion that the second jury will

14   evaluate the damages evidence any differently as a result of being instructed that liability has been

15   established.

16       Noticeably absent from Tesla's brief is any argument that a new trial on damages would cause

17   confusion or uncertainty for the new jury (or that it would be impossible to properly instruct the new

18   jury concerning the first jury's special verdict findings). That silence is revealing. It demonstrates that

19   this is *not* a case like *Gasoline Products*, in which the Court identified critical uncertainties in the first

20   jury's verdict, including about formation, breach, and terms of the two contracts at issue. Here, there

21   are no uncertainties in the first jury's verdict that would prevent the Court from instructing the second

22   jury or that would prevent that jury from conducting a fair retrial on damages. We know exactly what

23   the first jury found, including that Tesla created a racially hostile work environment; that the hostile

24   work environment was caused both by Mr. Diaz's supervisors and by his non-immediate supervisors

25   and co-workers; that Tesla failed to take reasonable steps to prevent Mr. Diaz's harassment; and that

26   Tesla negligently supervised Ramon Martinez which resulted in harm to Mr. Diaz. *See* Verdict Form

27

28

1-2 (Dkt. 301).[6] Tesla complains that we cannot know precisely "which evidence the [first] jury found persuasive or which witnesses it found credible." Mot. at 11. But those minor uncertainties (which exist in *every* limited retrial with any overlapping evidence) are irrelevant, and there is no reason why the second jury cannot be open-minded in considering the evidence while using the prior liability findings as the starting point for its assessment.

Finally, Tesla suggests that because the first jury's liability determinations rested on the "severe or pervasive" nature of Tesla's discriminatory conduct, the second jury will be required to make similar findings regarding the magnitude of Tesla's misconduct when determining compensatory and punitive damages. *See* Mot. at 5-8. But the mere fact that both juries may have to assess, in some sense, the magnitude of the racism at Tesla's factory neither creates any "confusion [or] uncertainty," nor "amount[s] to a denial of a fair trial." *Gasoline Products*, 283 U.S. at 500. The second jury will be making separate and distinct determinations about the emotional distress suffered by Owen Diaz and the malice and reprehensibility of Tesla's conduct—it will *not* be applying the distinct legal standard for evaluating the existence of a hostile work environment. *Cf. Erhart*, 2022 WL 3160730, at *4 (rejecting argument that because liability "include[d] an 'intent' element that 'is part and parcel of the 'malice''' determination for punitive damages," liability and punitive damages are inseparable).

## V. CONCLUSION

For the foregoing reasons, Tesla's motion for a new trial should be denied.

///

///

///

///

---

[6] These are not the jury's only findings in the verdict form, and the verdict form also shows that the jury made particular subsidiary findings required by the jury instructions. *See United States v. J-M Mfg. Co., Inc.*, 2018 WL 705532, at *5 (C.D. Cal. Jan. 31, 2018) (noting that the Ninth Circuit has "ma[de] clear that the Court is not limited to the face of the Verdict, but also any factual findings that the Verdict's contents necessarily imply") (citing *Acosta v. City of Costa Mesa*, 718 F.3d 800, 829 (9th Cir. 2013)).

DATED:  November 4, 2022

Respectfully submitted,

California Civil Rights Law Group

Alexander Morrison + Fehr LLP

Altshuler Berzon LLP

/s/      Michael Rubin

Michael Rubin
Jonathan Rosenthal

Lawrence A. Organ
Cimone A. Nunley

J. Bernard Alexander III

Attorneys for Plaintiff
    OWEN DIAZ